327 So.2d 543 (1976)
In the Matter of Charles E. LOFTIN, Jr., Plaintiff-Appellee.
No. 12834.
Court of Appeal of Louisiana, Second Circuit.
February 9, 1976.
Rehearing Denied March 15, 1976.
Writ Refused May 26, 1976.
*544 John Gallagher, Charles C. Grubb, Shreveport, for defendants-appellants, The City of Shreveport, Dept. of Public Safety.
Kelly, Seaman & Ware by Richard N. Ware, Natchitoches, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied March 15, 1976.
HALL, Judge.
In this proceeding plaintiff Charles E. Loftin, Jr. seeks reinstatement, with back pay and benefits, to his former position as a fireman with the Shreveport Fire Department. Plaintiff's employment was terminated because he filed a petition for voluntary bankruptcy in violation of a rule and regulation of the Fire Department.
As a classified employee under the protection of the Municipal Fire and Police Civil Service Law,[1] plaintiff appealed his dismissal to the Shreveport Municipal Fire and Police Civil Service Board. He attacked the rule and its enforcement (1) as not authorized by the Municipal Fire and Police Civil Service Law as a reason for dismissal of a classified employee; (2) as arbitrary, capricious and unreasonable and *545 in violation of the due process and equal protection clauses of the Constitution; and (3) as being in conflict with the purposes and objectives of the federal Bankruptcy Act, Title 11, U.S.C.A., and thus invalid under the Supremacy Clause of the United States Constitution, Article VI, Clause 2. After a hearing, the Board held that "a policy of terminating employees who file voluntary petitions in bankruptcy, which is consistently and uniformly applied, is reasonable and the application of that policy in the present case is also reasonable." The action of the appointing authority was affirmed.
Plaintiff appealed to the district court which, without assignment of reasons, rendered judgment decreeing the termination of plaintiff from his job as fireman was erroneous and illegal, and ordering the City to reinstate plaintiff to his position with the Fire Department with payment of all back wages and benefits.
The City perfected an appeal to this court specifying that the district court erred: (1) in determining that plaintiff's termination was erroneous and illegal, and (2) in ordering the City to reinstate plaintiff to his former position with payment of all back wages and benefits.
The evidence taken at the Civil Service Board hearing discloses that plaintiff was initially employed by the City as a fireman in April of 1972. In June, 1974, being pressed by creditors and believing he could not meet the demands of his creditors, together with an alimony and child support judgment against him, plaintiff filed a voluntary petition in bankruptcy. When the Fire Chief learned in July, 1974 of plaintiff's action, plaintiff was discharged.
Comprehensive rules and regulations governing the Fire Department were adopted in 1968. Article XIV of the rules and regulations provides in part, as follows:
"Article XIV. OFFENSES
1. OFFENSES
A. No member shall engage in or be involved in any of the following acts or conduct.
* * * * * *
(13) Declaring bankruptcy.
2. PENALTY
A. Offenses are punishable by reprimand, reduction in rank, suspension, or dismissal.
* * *."
Fire Chief Dallas W. Greene testified it was the policy of the Department of Public Safety, pursuant to the foregoing rule and pursuant to a similar rule relating to the Police Department, to automatically terminate a fireman or policeman declaring bankruptcy. Plaintiff was aware of the rule and the policy of dismissal at the time he filed his petition in bankruptcy.
Chief Greene testified that when he first became Fire Chief in 1965, the Department was receiving numerous telephone calls daily from creditors concerning nonpayment of debts by firemen. The Chief instituted a policy of calling in a fireman when a complaint was made by a creditor and ordering the fireman to get his business straight or face suspension or possibly dismissal. The Chief testified that after institution of this policy and adoption of the comprehensive rules and regulations[2] the Department seldom receives complaints from creditors and the credit rating of firemen, generally, is high. Chief Greene noted that firemen often have occasion to go into people's homes with the opportunity to steal and that it is important that *546 firemen be honest and trustworthy and have the trust of the public. It is important for the general public to have a high degree of confidence in the Department and the individual members thereof in order for the Department to do an effective job.
The issues presented on appeal are:
(1) Is the enforcement of the Fire Department rule authorized by the Municipal Fire and Police Civil Service Law?
(2) Does the enforcement of the rule violate plaintiff's due process and equal protection rights under the United States Constitution; and
(3) Does the enforcement of the rule conflict with the Bankruptcy Act and violate the Supremacy Clause of the United States Constitution?
Being of the opinion that the Supremacy Clause issue is dispositive of the case in plaintiff's favor, we pretermit discussion of the other issues.
The precise issue involved in the instant case was recently presented to and decided by the United States District Court for the Western District of Louisiana in Rutledge v. City of Shreveport, 387 F.Supp. 1277 (W.D.La.1975), appeal pending. In the Rutledge case, Judge Stagg held that an almost identical rule and regulation of the Shreveport Police Department, as enforced against a city policeman who had filed a petition in bankruptcy, was unconstitutional in that it conflicted with the federal bankruptcy law and under the Supremacy Clause of the United States Constitution must yield to the federal enactment.[3] This court agrees with the analysis and conclusions of Judge Stagg and in this opinion draws heavily from the learned opinion of the federal district judge.
Article VI, Clause 2 of the United States Constitution provides:
"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."
The function of the court in a supremacy clause case is "to determine whether a challenged state statute `stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'." Perez v. Campbell, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), quoting from Justice Black's opinion in Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).
In Perez, the United States Supreme Court held that a section of Arizona's Vehicle Safety Responsibility Statute, providing that an unsatisfied judgment against a motorist was a ground for suspension of the motorist's license and registration even though the judgment was discharged in bankruptcy, was in conflict with the Bankruptcy Act and was, thus, violative of the Supremacy Clause of the United States Constitution. The court held that deciding whether a state statute is in conflict with a federal statute and, hence, invalid under the Supremacy Clause is essentially a twostep process of first ascertaining the construction of the two statutes and then determining the constitutional question of whether they are in conflict. The court also held that it is not only the purpose of the state law but also the effect of the state law as it relates to the objectives and purposes of the federal law that must be *547 considered in determining a Supremacy Clause issue. Prior cases, Kesler v. Department of Public Safety, 369 U.S. 153, 7 L.Ed.2d 641, 82 S.Ct. 807 (1962) and Reitz v. Mealey, 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21 (1941), to the extent that they held state law may frustrate the operation of federal law as long as the state had a legitimate purpose in mind other than frustration of the federal law, were overruled. The Supreme Court held that the controlling principle is that any state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause.
We accept the City's argument that the purpose of the Fire Department rule was not to circumvent or frustrate the objectives of the Bankruptcy Act but was to discourage the incurring of excessive debts by firemen, thereby discouraging a temptation of dishonesty and assuring an honest and trustworthy fire department in which the public will have confidence. We accept the City's argument that this laudable purpose has been effectively accomplished by the Department's policy discouraging excessive indebtedness by its employees.[4] It is hardly arguable, however, that the effect of the rule is also to discourage and to penalize the exercise by an employee of a right created by federal statute, which also has a laudable purpose.
Considering the construction of the Bankruptcy Act, it has often been held that one of its primary purposes is to give debtors a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt. Perez, supra; Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195 (1934).
The effect of the rule of the Fire Department prohibiting a fireman from declaring bankruptcy under penalty of dismissal, however laudable the purpose of the rule, conflicts with, frustrates, and clashes with the purposes and objectives of the federal bankruptcy law in that if effectively hampers a fireman from obtaining a new opportunity in life and a clear field for future effort. This seems particularly true where the penalty is loss of employment, the basic source for financial recovery.
The holding of this court is that the rule and policy of the Shreveport Fire Department prohibiting a fireman from declaring bankruptcy under penalty of automatic dismissal conflicts with the federal Bankruptcy Act and is, therefore, unconstitutional and invalid under the Supremacy Clause of the United States Constitution. The plaintiff-fireman, discharged for the sole reason of having declared bankruptcy, is entitled to be reinstated to his position as fireman.
The district court ordered reinstatement with full back pay and benefits. The City argues that payment of back wages should be limited to the extent that plaintiff mitigated his damages by gainful employment between the date of his dismissal and the date of his reinstatement, as was done in the Rutledge case. The City cites no authority, other than the Rutledge case, for offsetting back pay to which plaintiff is entitled by amounts earned from other employment. Back pay due to a wrongfully discharged employee can hardly be classified as "damages." The Municipal Fire and Police Civil Service Law, Article XIV, Section 15.1, paragraph 31, Louisiana Constitution 1921, authorizes an award of back pay in the event of reinstatement. The evidence in this case shows that although plaintiff has worked since his dismissal at Coushatta Small Engine Service, he also worked there parttime while he was employed by the Fire *548 Department. The record does not show the extent, if any, of earnings by plaintiff in excess of what he was earning by parttime employment prior to his dismissal. We find no basis for granting an offset against or mitigation of the award for back pay.
For the reasons assigned, the judgment of the district court ordering plaintiff reinstated to his position as fireman with the Shreveport Fire Department with full back pay and benefits is affirmed.
Affirmed.
NOTES
[1] At the times the events giving rise to this suit occurred, the Municipal Fire and Police Civil Service Law was contained in Article XIV, Section 15.1, Louisiana Constitution 1921 and LSA-R.S. 33:2471, et seq. Article X, Part II, Sections 16-20, Louisiana Constitution 1974 deal with fire and police civil service and provide that the provisions of Article XIV, Section 15.1 of the Constitution of 1921 are retained and continued in force and effect as statutes, except as they conflict with Part II.
[2] It is to be noted that Article XII, 1., B.(8) requires all Fire Department personnel to "pay their just debts." Article XIV, 1., A. (9) lists as an offense "refusal or neglect to pay just debts."
[3] See also In re Hicks, 133 F. 739 (N.D.N.Y.1905), quoted at length in Rutledge, in which the City of Syracuse was enjoined from suspending or dismissing a fireman under an ordinance and rule requiring the payment of debts where the fireman had filed a petition in bankruptcy. The court held the city ordinance and rule must yield to the federal bankruptcy law.
[4] One cannot help but wonder, however, whether the rule prohibiting the declaring of bankruptcy, as distinguished from the rule or policy against incurring and failure to pay debts, locks in the potential evil of burdensome debts rather than preventing or at least alleviating the problem once it exists.