428 So.2d 1329 (1983)
Francis VIATOR, Plaintiff-Appellant,
v.
CITY OF NEW IBERIA, Defendant-Appellee.
No. 82-646.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
*1330 Edward J. Milligan, Lafayette, for plaintiff-appellant.
Armentor & Wattigny, Minos H. Armentor, New Iberia, for defendant-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Appellant claims that he was wrongfully discharged from his civil service position with the New Iberia Police Department. We find no merit in the specifications of error and, accordingly, affirm.
Francis Viator, plaintiff-appellant was employed as a captain with the City of New Iberia Police Department (N.I.P.D.) defendant-appellee. On February 3, 1983, plaintiff was suspended from the force pending completion of investigation into a criminal trespass charge to which he entered a plea of guilty in District Court. Subsequently, he was dismissed by notice, dated February 12, 1982, assigning the following reasons: (1) Conviction of a misdemeanor, contrary to the N.I.P.D. Rules and Regulations; (2) Using prisoners on numerous occasions to do labor on private property and using city vehicles in connection thereto; (3) Leaving City Limits in a City vehicle while on duty to do personal business without permission; (4) Failure to use proper radio procedure by leaving his vehicle to enter a private residence; (5) Disobeying a direct order to discontinue collecting checks and collecting checks while on duty and in uniform, using the Police Department as a collecting agency; and (6) Sending correspondence out of the Department over his signature without the permission of the Chief of Police, contrary to Department Rules and Regulations.
A full civil service hearing before the Board was held on March 31, 1982, at the request of plaintiff pursuant to LSA.-R.S. 33:2477. The Board held: "A majority of the Board finds that the City did not act in bad faith in discharging Captain Francis Viator. And for this reason, we sustain the action of the City in discharging him as a member of the New Iberia Police Department."
An appeal from the decision of the Board was timely perfected and after due proceedings the District Court affirmed the decision of the Board. Thereafter, the present devolutive appeal was filed.
Appellant assigns two specifications of error: (1) The Department's Rules and Regulations are in conflict with LSA-R.S. 33:2500(B) insofar as conviction of a misdemeanor (rather than felony) constitutes good cause for discharge under local provisions; therefore, the Department's rule must yield to state law; and (2) The City failed to show by a clear preponderance of the evidence that dismissal of appellant was for legal cause.
Inherent in most if not all employment relations is the implied understanding that workers will not be discharged in bad faith or without just cause. Wiley v. Missouri Pacific Railroad Co., 430 So.2d 1016 (La. App. 3rd Cir.1982), writ denied (La.1983). LSA-R.S. 33:2500[1] establishes minimum *1331 levels of protection from unjust dismissal for the civil service employee. Municipalities are allowed to establish additional rules and regulations provided they do not conflict with state or federal law. LSA-R.S. 33:2478; Matter of Loftin, 327 So.2d 543 (La.App. 2nd Cir.1976) cert. denied, 331 So.2d 851 (La.1976). Appellee contends that local law enforcement agencies can require a higher standard of law abidance from their officers, whereas appellant maintains that the departmental rule is in conflict with LSA-R.S. 33:2500(A)(8)[2]. The assignment of error need not be addressed however as other grounds for discharge appear in the record. A plea of unconstitutionality need not be considered unless necessary to the disposition of a case. Stickley v. Stickley, 422 So.2d 691 (La.App. 3rd Cir.1982); Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La.1981); Collins v. Division of Foster Care, 377 So.2d 1266 (La.App. 4th Cir.1979).
*1332 With regard to appellant's contention that N.I.P.D. failed to prove his dismissal was for legal cause, we observe that the appropriate standard of appellate review is to determine whether the conclusion reached by the Board was arbitrary or capricious. Newman v. Dept. of Fire, 425 So.2d 753 (La.1983). The decision of the Board will not be disturbed if made in good faith for legal cause. Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3rd Cir. 1975), writ denied, 325 So.2d 273 (La.1976); Trahan v. City of Jennings, 411 So.2d 1242 (La.App. 3rd Cir.1982); City of Houma v. Houma Municipal Fire and Police Civil Service Board, 405 So.2d 1132 (La.App. 1st Cir.1981). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of the public service. Newman v. Dept. of Fire, supra. The appointing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. Newman v. Dept. of Fire, supra; Leggett v. Northwestern State College, 242 La. 927,140 So.2d 5 (1962); Thornton v. Dept. of Health and Human Resources, 394 So.2d 1269 (La.App. 1st Cir. 1981); Rodriguez v. Board of Commissioners, Port of New Orleans, 344 So.2d 436 (La.App. 1st Cir.1977). As in other civil matters, deference should be given on appellate review to the factual conclusions reached below. Newman v. Dept. of Fire, supra; Sanders v. Dept. of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980), writs denied, 399 So.2d 602 (La. 1981).
Our review of the record herein convinces us that appellant was discharged in good faith and for legal cause. Each and every reason assigned for plaintiff's dismissal was established by a clear preponderance of the evidence. The reasons given were not pretexts. The good faith of the N.I.P.D. is not even subject to serious dispute e.g.the plaintiff was repeatedly ordered to discontinue his check collecting business inasmuch as he had used the Department as a collection agency, nonetheless he persisted in collecting checks in uniform, threatening arrest and using Department phones and vehicles in connection therewith. A real and substantial relationship existed between each act of improper conduct and the efficient operation of the Department.
Accordingly, the decisions of the Board and trial court are hereby affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] § 2500. Corrective and disciplinary action for maintaining standards of service

A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:
(1) Unwillingness or failure to perform the duties of his position in a satisfactory manner.
(2) The deliberate omission of any act that it was his duty to perform.
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.
(4) Insubordination.
(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct.
(6) Drinking vinous or spirituous liquors while on duty or reporting for duty while under the influence of liquor.
(7) The use of intoxicating liquors, or habit forming drug, liquid, or preparation to an extent which precludes the employee from performing the duties of his position in a safe or satisfactory manner.
(8) The conviction of a felony.
(9) Falsely making a statement of any material fact in his application for admission to any test for securing eligibility or appointment to any position in the classified service, or, practicing or attempting to practice fraud or deception in any test.
(10) Using or promising to use his influence or official authority to secure any appointment to a position within the classified service as a reward or return for partisan or political services.
(11) Soliciting or receiving any money or valuable thing from any person for any political party or political purpose.
(12) Inducing or attempting to induce by threats of coercion, any person holding a position in the classified service to resign his position, take a leave of absence from his duties, or waive any of his rights under the provisions of this Part, or of the rules.
(13) The development of any defect of physical condition which precludes the employee from properly performing the duties of his position, or the development of any physical condition that may endanger the health or lives of fellow employees.
(14) The willful violation of any provision of this Part or of any rule, regulation, or order hereunder.
(15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the respective service.
B. Unless the cause or condition justifies an employee being permanently removed from the service, disciplinary action may extend to suspension without pay for a period not exceeding the aggregate of ninety days in any period of twelve consecutive months, reduction in pay to the rate prevailing for the next lower class, reduction or demotion to a position of any lower class and to the rate of pay prevailing therefor, or such other less drastic action that may be appropriate under the circumstances. Nothing contained herein shall prevent any employee who is physically unable to perform the duties of his position from exercising his rights of voluntary retirement under any applicable law.
C. Although it is incumbent upon the appointing authority to initiate corrective or disciplinary action, the board may, and shall upon the written request of any qualified elector of the state which sets out the reasons therefor, make an investigation of the conduct and performance of any employee in the classified service and, thereupon may render such judgment and order action to be taken by the appointing authority. Such action shall be forthwith taken by the appointing authority.
D. In every case of corrective or disciplinary action taken against a regular employee of the classified service, the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefor.
[2] We note that the details of plaintiff's arrest are not revealed in the record inasmuch as Viator's counsel objected to evidence relative thereto and the trial judge sustained the objection, finding the incidents leading to the arrest to be immaterial and irrelevant. That ruling was not appealed.