LOBRANO, Judge.
The sole issue of this appeal is whether or not the Civil Service Commission of the City of New Orleans (Commission) can dismiss the appeal of an employee when that employee fails to attend the hearing after being properly notified.
Appellant was terminated as an employee of the Department of Sanitation, with forfeiture of his accrued annual and sick leave for the following alleged reasons:
1) Violating the city’s residency requirements;
2) Stealing fuel from the city vehicle entrusted to his care;
3) receiving wages for hours not worked;
4) collusion and the attempted intimidation of witnesses;
After notifying the Commission that he intended to appeal his termination and forfeiture of leave, appellant’s case was set for hearing on three occasions. On the first occasion, June 3, 1982 the matter was continued on motion of the City. On the other two, September 9th and August 3rd appellant failed to appear, and on the latter date the City’s motion to dismiss for failure to prosecute was granted.
Appellant argues that the Civil Service Commission is without authority to dismiss an appeal when no evidence has been presented by the appointing authority, solely on the basis that a petitioner has failed to prosecute the appeal. We agree. It is well settled that on appeal to the Civil Service Commission the burden of proof is upon the appointing authority to prove by á preponderance of the evidence the misconduct of the employee. LSA Const. Art. 10 See. 8; Newman v. Dept of Fire, 425 So.2d 753 (La.1983); Viator v. City of New Iberia, 428 So.2d 1329 (La.App. 3rd Cir.1983); Thornton v. D.H.H.R., 394 So.2d 1269 (La. App. 1st Cir.1981). The rules and regulations of the Commission do not provide for dismissal for lack of appearance by the aggrieved employee, nor is there any provision for failure to prosecute an appeal.
Appellee (City of New Orleans) could have proceeded, despite appellant’s absence, to-produce evidence to substantiate the actions taken against appellant and the Commission could then have affirmed those actions. But we hold that, at the very least, a prima facie case should be made to satisfy due process requirements.
We therefore reverse and remand this matter back to the Commission for further proceedings consistent with this opinion.
REVERSED AND REMANDED.