WILLIAMS, Judge.
David Rodriguez appeals a New Orleans Civil Service Commission ruling. In its ruling, the Commission terminated Rodriguez’s employment with the Department of Sanitation. Additionally the Commission withheld all accrued annual and sick leave in accordance with Civil Service Rule VIII, Sections 1.7(b) and 2.7(b). The amount forfeited equalled $77,119.36.
By letter dated March 29, 1982, appellant David Rodriguez was formally notified of his dismissal from the Department of Sanitation and the forfeiture of his accrued annual and sick leave. His termination was for unauthorized use of a City vehicle, theft of fuel from the Department of Sanitation, violating the residency re *317 quirements for City employees, and intimidation of witnesses. Rodriguez appealed his dismissal before the Civil Service Commission and several hearings were set at which he did not appear. At the last hearing, the City filed a motion to dismiss for failure to prosecute which was granted. Rodriguez appealed the dismissal to this court alleging that the Civil Service Commission is without authority to dismiss an appeal when no evidence has been presented solely on the basis that a petitioner has failed to prosecute the appeal. The Commission’s ruling was reversed and the matter was remanded back to the Commission, 437 So.2d 378, with orders that the City of New Orleans produce evidence before the Commission in order to substantiate the actions taken against Rodriguez. The order to present evidence in the case was complied with and the Commission found merit in the charges of unauthorized use of a City vehicle, theft of fuel from the Department of Sanitation, and violating the City’s residency requirements. We have reviewed the record and find that the evidence presented was sufficient to sustain the termination and ultimate forfeiture of accrued annual and sick leave.
The rule which authorizes the forfeiture of accrued annual and sick leave is Civil Service Rule VIII. Sections 1.7(b) and 2.7(b) of Rule VIII read in pertinent part:
“1.7 (b) The payment of accumulated annual leave shall be withheld only if an employee is dismissed for fraud or theft of city funds or property.
* * * * * *
2.7 (b) The conversion of accumulated sick leave to cash shall be withheld only if an employee is dismissed for fraud or theft of city funds of property.” (emphasis added)
Additionally, City Civil Service Rule IX, Section 1.2 requires a statement in writing to effectuate “the removal, suspension, reduction in pay, or fine of any employee in the classified service.”
Rodriguez received the required letter of reprimand and dismissal from the City outlining the alleged offenses. The last paragraph of this letter states:
You are formally notified that your accrued annual and sick leave is to be forfeited not as a penalty, but to allow the City to be reimbursed for losses in these matters.
In his brief, appellant seizes upon this language, alleging that it is “ambiguous and does not place him upon adequate notice of the rationale of the forfeiture_”. His arguments are without merit. While it is true that the letter indicates the monies are withheld as reimbursement for the losses due to the theft, this in fact is not the case. The pertinent sections of Rule VIII indicate that accrued annual and sick leave shall be withheld in cases where the employee is dismissed for theft of city funds or property. It is true that the money forfeited by Rodriguez is much in excess of that equall-ing the monetary loss to the City, but the Rule does not require a forfeiture equal only to the amount lost by the City. The language of the rule is unambiguous, it is mandatory that the funds be withheld when theft is proven. In the case at hand there was a proven theft of City gasoline, the Commission properly applied the statute and anything said in the letter which would indicate otherwise is merely an unfortunate misuse of language.
Appellant alleges several violations of his Constitutional rights, including cruel and unusual punishment in the forced forfeiture of the funds; denial of due process and equal protection; and a violation of Article 1 of the Constitution prohibiting the impairment of contracts. He alleges further that the Rule under which he was terminated is inapplicable to the present case and is unconstitutional. Additionally, the appellant alleges that the notice given to him of the impending termination of his benefits pending a police investigation was vague and obscure in its meaning, thereby violating the constitutional requirement of adequate notice. We have carefully considered the constitutional arguments advanced by the appellant and find them without merit.
*318 The City of New Orleans Civil Service Commission made a factual determination that the appellant committed certain violations as charged. We do not find that this factual determination is arbitrary, capricious, or constitutes an abuse of discretion, and we will not disturb the findings of the Commission. Walters v. Department of Police, 454 So.2d 106 (La.1984). Therefore, the decision of the Civil Service Commission authorizing the withholding of appellant’s accrued sick and annual leave is affirmed.