JjBAGNERIS, Judge.

STATEMENT OF THE CASE

Monica Khatwani appealed the termination of her city employment to the Civil Service Commission for the City of New Orleans (“Commission”). The Commission dismissed her appeal on the basis of her failure to prosecute. Ms. Khatwani is before this Court seeking reinstatement of her appeal before the Commission.
For the following reasons we affirm in part, reverse in part and remand the matter for further proceedings consistent with this opinion.

FACTS

Ms. Khatwani’s employment with the New Orleans Sanitation Department was terminated on December 17, 1998. She appealed the disciplinary action to the Commission, which set five hearing dates, three of which were continued at her request. When her appeal was called for hearing on April 12, 1999, Ms. Khatwani appeared and requested yet another continuance advising the hearing officer that she fired her attorney five days earlier and had not yet retained new counsel. In a colloquy with Ms. Khatwani, the hearing officer cited the number of continuances granted to her and the cost incurred by the City in preparing its case and having its | ¡.witnesses present each time the matter was continued. He admonished Ms. Khatwani that she had sufficient time to procure replacement counsel and that had he received a request for a continuance by new counsel, he would have acquiesced. Based on these observations, the hearing officer refused Ms. Khatwani’s request for a continuance and dismissed her appeal for failure to prosecute.

DISCUSSION

On appeal to this Court Ms. Khatwani maintains that the Commission’s refusal to grant her a continuance was an abuse of discretion, and its dismissal of her appeal violates La. Const. Art. 10 Sec. 8(A) requirements.
Civil Service Commission Rule II, Sect. 4.11 provides: “The Commission ... shall have the right to continue the hear *983 ing from time to time for good cause.” It appears from the record that the hearing officer made many attempts to accommodate Ms. Khatwani’s needs. Considering the fact that the hearing had been continued three times at her request, we cannot say that the hearing officer abused his discretion in not allowing her a fourth continuance.
Despite our conclusion that the Commission did not abuse its discretion in denying a fourth continuance, our examination of Commission rules reveals that the Commission did not have authority to dismiss Ms. Khatwani’s appeal for failure to prosecute. La. Const. Art. 10, Sect. 8, secures her right to an appeal. It provides, “A classified employee subjected to ... disciplinary action shall have the right of appeal to the appropriate commission ... The burden of proof on appeal, as to the facts, shall be on the appointing authority.” The Commission rules reiterate these rights. Rule II, Sect. 4.1, provides, “Regular employees in the classified service shall have the right to appeal disciplinary actions to the |sCommission ...” Rule II, Sect. 4.4 says: “The burden of proof on appeal, as to the facts, shall be on the appointing authority ...”
Once a classified employee has filed a timely appeal with the Commission, the only basis for dismissing that appeal is Commission Rule II, Sect. 4.12(b), which provides:
If neither the appellant nor his counsel appears at the place and time fixed for a hearing, without having been granted a continuance, the Commission may order the appeal dismissed.
In this case, Ms. Khatwani did appear for the hearing, albeit without counsel. The City could have proceeded with its case and produced evidence in support of the action taken against Ms. Khatwani and the Commission could have then affirmed those actions. At the very least, a prima facie case should be made to satisfy due process requirements. Rodriguez v. Department of Sanitation, 437 So.2d 378 (La. App. 4th Cir.1983), appeal after remand, 471 So.2d 316 (La.App. 4 th Cir.1985), and writ denied, 474 So.2d 1311 (La.1985).

CONCLUSION

For the foregoing reasons we affirm the ruling of the Civil Service Commission denying Monica Khatwani’s Motion for Continuance. However, we reverse the dismissal of her appeal and remand to the Commission for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.