GULOTTA, Judge.
Emma Caston, a laborer with the City-Department of Streets, appeals from a decision of the New Orleans Civil Service Commission suspending her for a period in excess of 11 months for unauthorized absence from work.
This matter arises out of an earlier case, Emma Caston v. Department of Streets and the City of New Orleans, No. CA-2267, in which this court reversed the decision of the New Orleans City Civil Service Commission upholding Gaston’s discharge by the Street Department. In that case, plaintiff argued that the City had violated her right to due process of law by admitting and considering evidence of absences other than the one stated in her. notice of discharge and that the City had failed to prove her discharge was justified on the stated grounds. We reversed the Commission’s decision, and “ordered the City to issue a new notification of discharge to Caston” and to conduct a new hearing if she appealed.
A new notification of discharge was issued on March 6, 1985, and Caston again appealed to the Commission. The Commission determined that the violations did not warrant a discharge but ordered a suspension without pay from March 6, 1985, through February 20, 1986. This appeal followed.
It is clear from the testimony of the Civil Service Commission hearing that the appointing authority established that plaintiff had taken an inordinate amount of leave without pay from her job. According to the chief engineer of the street maintenance division, where Caston had been employed, plaintiff had accumulated 50 days leave without pay during her employment period from 1981 to 1983. He explained further that her leave (without pay) for the five day period was disapproved because her attendance record was “bad”. Although the chief engineer testified he knew that Caston’s physician had said that she would be unable to return to work for an 8 to 10 week period, he was not aware that the absence was for surgery.
John Frey, a mechanical engineer, testified that he recommended Caston be dismissed because of her absentee record. He acknowledged, however, that he had told plaintiff that her leave had been authorized subject to the approval of the chief engineer.
Plaintiff, who was informed on June 15, 1983 of the necessity for surgery, notified her employer on June 16. She remained at work until June 21, 1983, in her laborer’s job, and was hospitalized on June 22. According to Caston, she was under the impression that her request for leave without pay, necessitated by her pending operation, had been approved. Caston further testified that a great deal of her absences during 1981, 1982 and 1983 were the result of injuries for which she received worker’s compensation. She stated that compensation was received for a stomach injury in 1981, which required hospitalization, and on another occasion she sustained an on-the-job knee injury. In 1982 plaintiff was hospitalized after having been struck in the “adam’s apple” and received worker’s compensation for this injury. According to plaintiff, the “majority” of her leave without pay resulted from the need to see a physician for work related injuries. Additionally, Caston related that she had made the five day request for leave without pay, because of a needed hysterectomy.
Jerry Morrison, the personnel director for the Department of Streets, testified that Caston had been absent from December 15, 1981 through January 14, 1982. Despite her claim that she had received a work related knee injury, the director testified that no worker’s compensation was paid during this period and that her complaint was not job related.
The appropriate standard of appellate review of actions by the Civil Service Commission is whether the conclusion reached by the Commission was arbitrary or capricious. Newman v. Dept, of Fire, 425 So.2d 753 (La.1983); Imbornone v. Dept, of Police, City of New Orleans, 461 So.2d 1095 (La.App.4th Cir.1984), writ granted, 462 *74 So.2d 1256 (La.1985). Disciplinary action against a Civil Service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. Moreover, the appointing authority must demonstrate by a preponderance of the evidence that the conduct did in fact impair the efficiency and orderly operation of the public service. Newman, supra; Imbor-none, supra.
Clearly, the appointing authority bears the burden of establishing that the department’s efficiency and orderly operation had been impaired. Despite the evidence of Caston’s absenteeism, some explained and some unexplained, we do not find evidentia-ry support in the record showing an impairment of efficiency or operation of the Department. Considering the jurisprudence together with this absence of proof, we are compelled to set aside the suspension imposed by the Commission.
Accordingly, we reverse and set aside the judgment of the Civil Service Commission and reinstate plaintiff to her position for the suspended period entitled as such to all compensation and benefits.
REVERSED AND SET ASIDE.