HERBERT A. CADE, Judge Pro Tem.
In Hayes v. Department of Police, 489 So.2d 264 (La.App.4th Cir.1986) this court upheld departmental suspensions of five and twenty days respectively for Officer Hayes’ actions in leaving his district without specific authorization and in failing to report his whereabouts while on sick leave. As to a forty-eight day suspension, based in part on Hayes’ refusal to cooperate with an internal investigation of his conduct, and based in part on alleged unwarranted and unreported absences from his place of confinement, we reversed. We held that Hayes did refuse to cooperate with the investigation, but that suspension could not be imposed for violations of ambiguous departmental rules regarding reporting and recording sick leave. See 489 So.2d at 266-67. We remanded the matter, directing the Civil Service Commission “to re-evaluate and determine the extent of [Hayes’] suspension in light of the remaining allegations and to consider whether [his] conduct impaired the efficient operation of the public service so as to warrant dismissal.” Id., at 267-68 (on denial of motion for rehearing and/or clarification).
On remand the Commission issued an opinion, reaffirming Hayes’ forty-eight day suspension and his dismissal from the force, from which we quote the following:
... the forty-eight day suspension and dismissal is [sic] justified. The dismissal was appropriate because appellant’s utter contempt for his superiors, shown by his actions in this case, would impair the efficient operation of the service if his employment continued. Once his dismissal is justified, it appears to us that the length of the immediately preceding suspension is unimportant, as the appellant could have been dismissed at the beginning of the suspension period and such dismissal would have been justified. In fact, the only reason for the suspension was to delay the dismissal in order to give Appellant a pre-termination hearing.
In the present appeal Hayes argues that the record does not support his dismissal and that in reimposing sanctions identical to those originally imposed, in part, on findings of violations overturned on appeal, the Commission has ignored the law of the case.
In the first contention Hayes plainly must prevail. Although occasional violations of several departmental rules were proven, these violations do not ipso facto justify dismissal. There must be shown “a real and substantial relationship between the improper conduct and the ‘efficient operation’ of the public service; moreover, the appointing authority (Superintendent of Police) must demonstrate by a preponderance of the evidence that the conduct did in fact impair the efficiency and orderly operation of the public service.” Imbornone v. Department of Police, City of New Orleans, 461 So.2d 1095, 1097 (La.App. 4th Cir.1984), writ granted and amended in part on other grounds, 462 So.2d 1256 (La.1985), citing Newman v. Department of Fire, 425 So.2d 753, 754 (La.1983); see also Morgan v. Chief Administrative Office, 455 So.2d 1242, 1244 (La.App. 4th Cir.) writ denied 459 So.2d 541 (La.1984). Possibility is not proof; as in Imbomone no evidence was presented to show that Hayes’ conduct “actually impaired” or “bore a real and substantial relationship to the efficient operation of the department.” 461 So.2d at 1098 (emphasis in original). It is not for the Commission to search its imagination for what is not found in the record, nor is it for this court to do so, and we are unwilling to assume, as the Commission apparently assumed, that Hayes’ past conduct will in the future impair departmental operations. In this respect the Commission’s decision is arbitrary and capricious and is reversed.
On original hearing this Court left for the Commission to decide the duration of Hayes’ suspension. We were then and remain of the opinion that the forty-eight day suspension was imposed on the basis of the charges brought against Hayes, and on findings of violations of the department’s rules, as charged, and not for any other reason. Whether reimposition of the origi *20 nal suspension for different reasons violates the law of the case, or simply indicates a disregard for our earlier directive, the Commission’s newfound justification for the suspension finds no support in the record, and we are unwilling to accept it. Under the circumstances, and in the interest of judicial economy, the Commission’s decision in this respect is amended to impose suspension of thirty days, a period we find warranted on the record. See Walters v. Department of Police of the City of New Orleans, 454 So.2d 106, 116 (La.1984) (Marcus, J., concurring in part and dissenting in part).
The decision of the Civil Service Commission is reversed in part and is otherwise amended to impose suspension of thirty days; the cause is remanded for entry of judgment consistent with this opinion and for such further proceedings as may be necessary.
REVERSED IN PART; AMENDED IN PART; REMANDED