SCHOTT, Chief Judge.
Appellant was employed by the City of New Orleans Department of Property Management as a Watch Engineer. His appeal to the Civil Service Commission was dismissed after a hearing and he has appealed to this court. He contends that the Commission considered evidence beyond what was cited in the initial termination order by the appointing authority, that the appointing authority failed to carry his burden of proof, and that the appointing authority failed to prove that his alleged misconduct impaired the efficiency or orderly operation of his department.
In August, 1989 appellant was transferred from Gallier Hall to the Vieux Carre Police Station and was to report to his new post on August 28. He failed to report to work for the entire week. Immediately following a pre-termination hearing on September 6 his appointing authority notified him in a letter that he was discharged “for insubordination and failing to report to work and calling your immediate supervisor to explain your absences from work.” The letter advised appellant, “a check of your work record indicates a history of attendance problems and reporting to work timely” and it cited some instances of tardiness in July, 1987, an incident in 1988 when he was reprimanded for leaving his post without authority, and an incident in 1989 when he was given a warning because of poor attendance and tardiness.
At the hearing appellant admitted that he failed to report to the Vieux Carre station but he testified that he could not report for work because his wife was pregnant and threatening miscarriage. He said he tried to reach his supervisor, Eddie Lory, by telephone, but he could not, so he left messages with personnel who answered the phone. He identified the personnel as Emile Poree and Noel Osbourne.
Lory stated that he got no message from appellant. Poree said appellant called on one afternoon and left the message to tell Lory he called. Osbourne did not remember any calls from appellant about being absent from work. The Commission’s resolution of the conflict between appellant’s testimony and that of the appointing authority’s witness against appellant will not be disturbed on appeal by this court. Two former supervisors testified that they had trouble with him for attendance and had issued warnings to him.
By his first specification of error appellant claims he was prejudiced when the City Attorney questioned him about a prior dismissal from the French Market Corporation and in 1984 and a suspension from the Equipment Maintenance Division in 1986. He contends this was inadmissa-ble because the incidents were not mentioned in the termination letter. This argument is without merit. During his testimony on cross examination appellant was asked wasn’t it fair to say he had a constant history of tardiness and absenteeism ever since he began working for the City and he responded in the negative. With this testimony appellant opened the door for the introduction of the evidence of the previous disciplinary actions taken against him. Furthermore, the termination letter refers broadly and generally to his history of attendance problems of which some examples are given. Under these circumstances the evidence of the 1984 and 1986 incidents was admissible.
Appellant’s second specification of error, that the appointing authority failed to carry his burden of proof, is likewise meritless. The evidence established that appellant simply absented himself from his new place of duty for the entire week without taking any reasonable steps to contact his supervisor. Furthermore, the evidence established that he had been warned by previous supervisors concerning his poor attendance and was repeatedly given opportunities to improve his record but he failed to take advantage of them.
*1028 By his final specification of error appellant argues that his dismissal was arbitrary and capricious because there was no evidence that his conduct impaired the efficiency or orderly operation of the public service as required by Caston v. Department of Streets, 505 So.2d 72 (La.App. 4th Cir.1987).
As to the evidence Lory was asked whether appellant’s absence in any way impaired the operations of the Department and he answered:
A. Well, truthfully, I cannot say that it impaired the Department or the operations of the Department of Property Management, but it somewhat limited our ability to provide services to the building for which he was assigned.
However, he added that if an emergency occurred and the first engineer were hurt, appellant’s absence would be a problem. Later in his testimony (Tr. 78) he stated that the dangerous nature of the equipment room required an engineer to be there.
When this testimony is considered in the context of the entire record and is given a reasonable interpretation it supports the conclusion that appellant’s conduct did impair the efficient operation of the public service. As Lory stated and as seems obvious, engine rooms and boiler rooms contain machines which need constant attention and maintenance and can be dangerous if they malfunction. Lory’s testimony was to the effect that an engineer had to be on duty there at all times which prompted the City to station two technicians there and to prevent the machines from ever being unattended. Thus, to have an engineer whose presence, based upon an established history of absenteeism and tardiness, can never be depended upon is clearly disruptive to the efficient operation of the civil service.
We distinguish Caston primarily because the appellant in that case was a common laborer and there was no evidence that her chronic absenteeism impaired the efficient operation of the service. From Lory’s testimony we are able to infer that the absence of an engineer from an engine room is a more serious problem for the public service than the absence of a common laborer from the Department of Streets. Furthermore, the present appellant’s poor attendance record was much worse than Caston’s. Finally, the other case from this circuit cited by appellant, Newkirk v. Sewerage & Water Board, 485 So.2d 626 (La.App. 4th Cir.1986) while standing solidly for the proposition that the appointing authority must prove that the employee’s misconduct must impair the efficient operation of the service in order to justify a dismissal is clearly distinguishable from the present case on its facts. There the employee’s misconduct consisted of some sort of verbal assault upon and threat against a motorist he encountered while on his route inspecting different sewerage plants. The evidence showed that the incident occurred off the route he was to take. However, this court found that the employee inspected all the stations he was supposed to so that his misconduct did not “significantly” impair the efficient operation of the service.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.