933 So.2d 871 (2006)
Henry BEBA
v.
DEPARTMENT OF FIRE.
No. 2005-CA-1209.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2006.
*872 Sherry S. Landry, City Attorney for the City of New Orleans, Joseph V. Dirosa, Jr., Chief Deputy City Attorney for the City of New Orleans, Victor L. Papai, Jr., Assistant City Attorney for the City of *873 New Orleans, Deborah M. Henson, Assistant City Attorney for the City of New Orleans, New Orleans, Louisiana, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge ROLAND L. BELSOME).
JAMES F. McKAY III, Judge.
The New Orleans Fire Department seeks review of the Civil Service Commission's ruling reversing the Fire Department's demotion of Henry Beba from captain to firefighter. Captain Beba was demoted for allegedly making a sexually harassing statement to a female employee of Harrah's casino.
A written complaint was received by the Fire Department on August 18, 2004. Captain Beba was informed that he allegedly violated Rule 5.2.27[1]. After a peer review hearing, the Superintendent of the Fire Department found Captain Beba guilty of violating Rule 5.2.27, and demoted him from the rank of captain to firefighter on December 8, 2004. Captain Beba sought review of the ruling by the Civil Service Commission. A hearing was held before a Hearing Examiner on February 22, 2005, and the Commission rendered its decision on July 20, 2005, reversing the Fire Department's demotion of Henry Beba. The Commission found that the Fire Department did not show that the alleged incident impaired the efficiency of the fire department.
The only fact witness called by the Fire Department at the hearing was Kay Ximenez, the complainant. Ms. Ximenez testified that on July 30, 2004, she was working as a slot attendant at Harrah's casino in the area where Captain Beba, who was offduty, was playing video poker. Captain Beba won a jackpot, and as required by her job, she handled the pay-off. Ms. Ximenez then asked Captain Beba if he needed anything. Captain Beba, who appeared intoxicated, responded, "You look like you have got a big mouth. I have a big * * * * you can suck on." Ms. Ximenez stated that she walked away feeling embarrassed and humiliated. She reported the incident to her supervisor and later, filed an oral complaint with the Fire Department. After speaking with Chief Norman Woodridge of the Fire Department, she filed a written complaint.
New Orleans Fire Department Superintendent Charles Parent testified that he reviewed the charge against Captain Beba and concluded that demotion was the appropriate discipline. He stated that the firefighters should be held to the highest standards. Parent acknowledged that Captain Beba was off duty and not in uniform at the time of the alleged incident.
Norman Woodridge, a district chief with the New Orleans Fire Department testified that he was contacted by Kay Ximenez and told of the incident. He asked her to send him a written complaint. Once he received the complaint, he forwarded it to his supervisor, Chief Edwin Holmes. Chief Woodridge had no other contact with Ms. Ximenez. Chief Woodridge acknowledged that he did not contact Harrah's to confirm Ms. Ximenez's employment.
Gui Massaro, Jr., a district chief with the New Orleans Fire Department, testified that he was part of the peer review board which reviewed the complaint against Captain Beba. He stated that they found Captain Beba guilty of violating *874 Section 5.2.27. However, he acknowledged that at the first review meeting, the members of the panel felt that additional information was needed. The panel sought documentation from Harrah's concerning the complaint's employment and evidence that a complaint was filed with the casino. District Chief Massaro stated that the panel never received the documentation sought but was told by Chief Frank that he confirmed Ms. Ximenez's employment and that a complaint had been filed with Harrah's Casino.
Chris Mickal and C. David Hebert, Fire Department district chiefs, testified that they were members of the peer review panel. They both stated that the panel sought additional information after the first meeting. Chief Frank obtained the information and reported back to the panel.
Donald Gratia, a district chief with the Fire Department, stated that he had been Captain Beba's supervisor since Captain Beba was promoted to captain. Captain Beba's evaluations from 2001 to 2004 have all been outstanding.
Paulette Stern testified that she is employed by Harrah's Casino as an "executive casino host." Captain Beba was one of the guests who was assigned to her. She stated that Captain Beba has been continually invited to the casino since July 30, 2004. She further testified that nothing was filed in the casino's records to inform her of a customer issue. She stated that normally when there is a problem with a customer, the casino host is notified by security.
Paul Hellmers, a captain with the Fire Department, has been Captain Beba's supervisor since November 2004, when Captain Beba was demoted. Captain Hellmers stated that Beba was good at his job and an attribute to the fire department.
Captain Beba also testified at the hearing. He stated that on the afternoon of July 30, 2004, he was at Harrah's Casino playing video poker. Captain Beba was off duty and in civilian clothing. He hit a $2,000.00 jackpot. The complainant, Kay Ximenez, was the slot attendant who assisted with the payoff. Captain Beba denied making any sexually derogative remarks to Ms. Ximenez.
A permanent classified City Civil Service employee cannot be subjected to disciplinary action except for cause expressed in writing. He may appeal from such disciplinary action to the City Civil Service Commission and the appointing authority has the burden of proof on appeal as to the facts. La. Const. Art. X, § 8. The Commission's decision is subject to review on any question of law or fact upon appeal to the court of appeal. La. Const. Art. X, § 12(B).
The Commission has a duty to decide independently from the facts presented whether the appointing authority had good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984).
Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged. Fisher v. Department of Health and Human Resources, Office of Human Development, 517 So.2d 318 (La. App. 1 Cir.1987). The appointing authority has the burden of proving the impairment. La. Const. Art. X, § 8(A); Neustadter v. Sewerage and Water Board of New Orleans, 544 So.2d 1289 (La.App. 4 Cir.1989). The appointing authority must prove by a preponderance of the evidence the occurrence of the complained of activity *875 and prove that the conduct complained of impaired the efficiency of the public service and that it bears a real and substantial relationship to the efficient operation of the public service. Newkirk v. Sewerage and Water Board, 485 So.2d 626 (La.App. 4 Cir.1986); Cittadino v. Department of Police, 558 So.2d 1311 (La. App. 4 Cir.1990).
In reviewing the commission's findings of fact, an appellate court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious or characterized by abuse of discretion. Cittadino v. Department of Police.
In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. First, as in other civil matters, deference will be given to the factual conclusion of the Commission. Hence, in deciding whether to affirm the Commission's factual finding, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Walters, 454 So.2d at 114.
Second, in evaluating the Commission's determination as to whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission's order unless it is arbitrary, capricious or characterized by an abuse of discretion. Id. "Arbitrary or capricious" means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404 p. 8 (La.1/16/96), 666 So.2d 641, 647.
Thus, an appellate court must determine two factors: (1) whether the appointing authority had good or lawful cause for taking the disciplinary action, and (2) whether the punishment imposed is commensurate with the offense. The appointing authority must meet a two pronged burden in order to prove that it had good and lawful cause for the disciplinary action taken: (1) proof that the complained-of conduct occurred, and (2) proof that the conduct impaired the efficiency of the department. Staehle v. Department of Police, 98-0216 (La.App. 4 Cir. 11/18/98), 723 So.2d 1031.
In the case at bar, there was conflicting evidence presented concerning whether the alleged incident actually occurred. While Ms. Ximenez stated that the incident occurred, Captain Beba denied making any sexually harassing remarks to the complainant. The Civil Service Commission accepted the hearing examiner's belief that Ms. Ximenez was a credible witness and his finding that the incident occurred. However, the hearing examiner and the Commission both found that the Fire Department had failed to show that the incident impaired the efficient operation of the department. The Fire Department relied upon the testimony of Superintendent Charles Parent to show that the incident impaired the operations of the department. Superintendent Parent stated that all firefighters are held to the highest standard and should be above reproach at all times. However, he acknowledged that he could not prevent firefighters from drinking alcoholic beverages when off duty. Similarly, he cannot bar a firefighter's rude behavior when off duty and in civilian clothing. Superintendent Parent also admitted that the alleged incident had not been made public.
Captain Beba produced the testimony of his supervisors who all agreed that he was *876 an asset to the department. Chief Gratia stated that Captain Beba's evaluations from 2001 to 2004 were all outstanding. Captain Hellmers, Captain Beba's present supervisor since his demotion, testified that Captain Beba was an attribute to the department.
The Civil Service Commission was not arbitrary or capricious in its holding that the fire department failed to meet its burden.[2] There was no evidence that Captain Beba's actions impaired the efficiency of the fire department. While Captain Beba's comments were rude, he did not commit a crime. Further, he was off duty and his actions did not involve fighting fires or supervising other firefighters. Additionally, there was no notoriety concerning the incident. Superintendent Parent admitted that the matter was not made public. In fact, Captain Beba is still welcomed at the casino as a patron. Ms. Stern stated that there were no complaints filed against Captain Beba at Harrah's and that he is a preferred customer. As the Fire Department failed to prove that Captain Beba's actions impaired the efficient operation of the department, the Civil Service Commission did not abuse its discretion when it granted Captain Beba's appeal and reversed the discipline imposed by the Fire Department. Accordingly, we affirm the decision of the Civil Service Commission.
AFFIRMED.
NOTES
[1] Section 5.2.27 states "Members shall be governed by the customary and reasonable rules of proper behavior and shall not commit any act that brings reproach upon themselves or the Department."
[2] The Fire Department relied upon the case of Jones v. New Orleans Fire Department, XXXX-XXXX (La.App. 4 Cir. 3/14/01), 785 So.2d 866, in support of its argument that Beba's actions impaired the efficient operation of the fire department. However, the Jones case is distinguishable as the firefighter in Jones committed a criminal offense. He killed a pedestrian while driving intoxicated, left the scene, went home to change clothes and then reported for work at the fire district. Jones eventually was convicted of negligent homicide. In the present case, Beba has not committed a criminal act.