TERRI F. LOVE, Judge.
hThe New Orleans Sewerage and Water Board (hereinafter “Sewerage and Water Board”) appeals the ruling of the City Civil Service Commission (hereinafter “Commission”) that reversed the Board’s demotion of the appellee, Ms. Dianne Burrell (hereinafter “Ms. Burrell”), from Engineering Inspector Supervisor to Engineering Technician, ordered the retroactive payment of the pay rate difference in the two positions from the date of her demotion forward, and ordered the reduction of accrued sick leave by thirty (30) days. We find that the Commission did not abuse its discretion when it granted Ms. Burrell’s appeal and reversed the discipline imposed.
FACTS AND PROCEDURE
The instant litigation arises from the reprimand of a Sewerage and Water Board employee, Ms. Dianne Burrell. The appellant, the Sewerage and Water Board, *1160 took disciplinary action against the appel-lee, Ms. Burrell, an Engineering Inspector Supervisor with permanent status. Ms. Burrell suffered from mental illness and extreme episodes of depression after the murder of her son on | ¡July 10, 2003. Due to her condition, Dr. Wanda Timpton, her treating physician, recommended by letter dated November 3, 2003, that Ms. Burrell be placed on sick leave for the time period of November 3, 2003 through February 2004. Dr. Timpton recommended by letter dated February 4, 2004, that the period of sick leave be lengthened from February 4, 2004 to April 5, 2004, and the period was extended.
During this period of leave, Ms. Burrell attempted to return to her outside employment as a tax preparer with H & R Block, where she worked for eleven (11) prior tax seasons. In February 2004, Ms. Burrell attended required training classes for H & R Block. Ms. Burrell began tax return preparation on Saturday, February 7, 2004. However, she was unable to complete the required tasks sufficiently due to her illness; she resigned the next day from H & R Block after working a total of 9.57 hours.
By disciplinary letter dated October 25, 2004, Ms. Burrell was suspended for thirty (30) work days and demoted to Engineering Technician. Ms. Burrell appealed to the Commission. The Commission reversed the Board’s demotion of Ms. Bur-rell from Engineering Inspector Supervisor to Engineering Technician. The Commission also ordered the retroactive payment for the rate difference in the two positions from the date of her demotion forward and the reduction of her accrued sick leave by thirty (30) days. This appeal followed.
STANDARD OF REVIEW
The Commission’s decision is subject to review on any question of law or fact upon appeal. La. Const. Art. X, § 12(B). A reviewing court should not | ¡¡reverse the Commission’s conclusion as to whether the disciplinary action is based on legal cause unless the conclusion is arbitrary, capricious, or an abuse of discretion. Walters v. Dept. of Police of City of New Orleans, 454 So.2d 106, 114 (La.1984). When reviewing findings of fact, however, the appellate court should not reverse or modify a finding unless it is clearly wrong or manifestly erroneous. Id.
SICK LEAVE ABUSE
The Louisiana Constitution provides that a permanent classified City Civil Service employee cannot be subjected to disciplinary action except for cause expressed in writing. La. Const. Art. X, § 8. Such disciplinary action may be appealed to the Commission and the appointing authority has the burden of proof on appeal as to the facts. Id.
On appeal, the Commission has a duty to decide if the appointing authority had good and lawful cause for taking disciplinary action, and, if so, whether the punishment is commensurate with the offense. Walters, 454 So.2d 106, 113. Legal cause exists if the facts found by the Commission disclose that the employee’s conduct impaired the efficient operation of the public service in which the employee was engaged. Id. Specifically, the appointing authority must prove by a preponderance of the evidence that: (1) the complained-of conduct actually occurred, and (2) the conduct complained of impaired the efficiency of the public service and that it bears a real and substantial relationship to the efficient operation of the public service. Beba v. Dept. of Fire, 05-1209, pp. 4-5 (La.App. 4 Cir. 5/31/06), 933 So.2d 871, 875-76, citing Newkirk v. Sewerage and Water Bd., 485 So.2d 626 (La.App. 4 Cir. *1161 1986); and Cittadino v. Dept. of Police, 558 So.2d 1311 (La.App. 4 Cir.1990).
In civil service disciplinary cases, appellate court review is multifaceted. Walters, 454 So.2d at 106. First, deference will be given to the factual conclusions of the Commission. Id. Hence, the findings of fact should not be reversed or modified unless clearly wrong or manifestly erroneous. Cittadino v. Dept. of Police, 558 So.2d at 1315. Second, in evaluating the exercise of discretion by the Commission as to whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the order of the Commission unless it is arbitrary, capricious or characterized by an abuse of discretion. Walters, 454 So.2d at 114. “Arbitrary or capricious” can be defined as the lack of a rational basis for the action taken. Bannister v. Dept. of Streets, 95-0404, p. 7 (La.1/16/96), 666 So.2d 641, 647.
This Court must determine two factors: (1) whether the appointing authority had good or lawful cause for taking the disciplinary action, and (2) whether the punishment imposed is commensurate with the offense. Beba, 05-1209, p. 6, 933 So.2d at 875. The Sewerage and Water Board must meet a two-pronged burden in order to prove that it had good and lawful cause for the disciplinary action taken: (1) proof that the complained-of conduct occurred, and (2) proof that the conduct impaired the efficiency of the department. Id.
lsIn bringing this appeal, the Sewerage and Water Board first contends that the Commission erred in finding that the appellee's ability to work a second job while on sick leave with the Sewerage and Water Board was not sick leave abuse.[1] The Commission concluded that the Sewerage and Water Board failed to meet its burden. This conclusion is supported by the record.
The Sewerage and Water Board did not prove that the Ms. Burrell committed sick leave abuse. The Rules of the Civil Service Commission for the City of New Orleans define “sick leave” as “absence from duty because of the employee’s (1) illness or injury or (2) quarantine by health authorities.” In Cittadino v. Dept. of Police, this Court reversed the dismissal of Mr. Cittadino, finding that it was “so grotesquely unreasonable as to constitute a capricious action.” 434 So.2d 164 (La.App. 4 Cir.1983). Mr. Cittadino was discharged from the New Orleans Police Department on grounds that he worked without permission as a security guard for the University of New Orleans while he was on sick leave and that he failed to conduct a proper search of a prisoner who was found to possess a knife. Id. Mr. Cittadino worked two jobs with the knowledge and permission of his superiors for the period of his employment. Id. No evidence of prior suspensions was presented. Id.
In the case at bar, the disciplinary action was taken based on an investigation and conclusions drawn by the Sewerage and Water Board. Like Cittadino, action Dwas taken against Ms. Burrell for working another job while on sick leave. Mr. Hadi Amini, one of the supervisors who recommended that the disciplinary action *1162 be taken against Ms. Burrell, concluded that Ms. Burrell committed “payroll fraud,” which was characterized by “working another job while on extended sick leave.” However, during the pre-disciplin-ary hearing, he did not have any report of how many hours she worked nor how much money she made at H & R Block; he only had the dates that she worked. Mr. Amini testified that he knew of no prohibition against employees taking second jobs and he did not know that Ms. Burrell was employed by H & R block during prior tax seasons during non-work hours; he was not aware of any prohibition of employees working two jobs. Mr. A.J. Fairleigh, Ms. Burrell’s former supervisor, also testified at the hearing; he stated that he knew at the time that he supervised Ms. Burrell that she had been dually employed with the Sewerage and Water Board and H & R Block for years prior to 2004. No evidence was presented of prior reprimands.
The Sewerage and Water Board avers that if an employee in Ms. Burrell’s position attempts to work, the attempt should be made on her job at the Board. Here, there was no evidence presented that would prove that Ms. Burrell could have returned to her normal work duties in her condition. Ms. Burrell suffered from mental illness and extreme episodes of depression for which her physician recommended medical leave. She performed minimal activities for H & R Block, working a total of 9.57 hours and resigning thereafter due to inability to perform her duties because of illness. In Imbornone v. Dept. of Police, City of New Orleans, this Court held that there was insufficient evidence to support demotion where a police officer was injured in the line of duty and attended law school while on “injured on duty” status. 461 So.2d 1095, 1097 (La.App. 4 Cir.1984), writ granted and amended in part on other grounds, 462 So.2d 1256 (La.1985). Not unlike the instant case, doctors certified that Mr. Imbornone was physically unable to return to police work. Id.
The Sewerage and Water Board did not carry its burden of proof that the conduct complained-of, sick leave abuse, occurred. Since the Board did not establish the first part of its two-pronged burden, it is not necessary for this Court to evaluate the second prong as to the conduct’s impairment of the efficiency of public service.
Even in the instance that occasional violations of several departmental rules are proven, these violations may not ipso facto justify dismissal. Hayes v. Dept. of Police, 518 So.2d 18 (La.App. 4 Cir.1987). As stated by this Court in Hayes v. Dept. of Police, “[possibility is not proof’ and, “it is not for the Commission to search its imagination for what is not found in the record, nor is it for this court to do so, and we are unwilling to assume.” Id.
In a second assignment of error, the Sewerage and Water Board contends that the Commission was arbitrary and capricious in interfering with the authority of the Sewerage and Water board in managing its department. It is well established that the Commission has the exclusive power and authority to hear and decide all removal and disciplinary cases. La. Const. Art. X, § 12(B). The ^Commission is empowered to generally supervise the civil service system and establish rules for the administration of the system. Bannister, 95-0404, p. 5, 666 So.2d at 645. The Commission concluded that based on all of the facts, the Sewerage and Water Board’s actions were arbitrary. We find that the evidence provides a rational basis for the Commission’s determination. The Commission has not been arbitrary, capricious, nor has it abused its discretion in holding that the *1163 Sewerage and Water Board failed to meet its burden.
As the Sewerage and Water Board failed to prove that the conduct complained-of occurred and that Ms. Burrell’s actions impaired the efficient operation of the Board, the Commission did not abuse its discretion in granting Ms. Burrell’s appeal and reversing the discipline imposed.
DECREE
Accordingly, we' affirm the decision of the Commission.
AFFIRMED.

. In its brief, the Sewerage and Water Board (appellant) avers that the Commission erred in finding that Ms. Burrell did not commit "sick leave abuse.” However, after investigation, the appellant concluded that Ms. Burrell committed “payroll fraud,” not "sick leave abuse.” The disciplinary letter dated October 25, 2004, states that the action was taken because she was "working another job while on extended sick leave.” The Commission found that Ms. Burrell "did not engage in payroll fraud” and that her activities “did not evidence improper use of sick leave.”