425 So.2d 753 (1983)
Allen A. NEWMAN
v.
The DEPARTMENT OF FIRE.
No. 82-C-1536.
Supreme Court of Louisiana.
January 10, 1983.
*754 Salvador Anzelmo, City Atty., Galen S. Brown, Deputy City Atty., Charles J. Willoughby, Asst. City Atty., for applicant.
Louis L. Robein, Jr., Barker, Boudreaux, Lamy, Gardner & Foley, New Orleans, for respondent.
BLANCHE, Justice.
We granted writs to review the action of the court of appeal, 413 So.2d 225, in modifying the disciplinary action taken by the appointing authority and affirmed by the New Orleans Civil Service Commission against a former captain with the New Orleans Fire Department. Captain Allen Newman received a 60 day suspension without pay and was demoted to the rank of firefighter and transferred to another station after leaving his post for an hour and forty-five minutes, during which time his unit was required to respond to an alarm. The court of appeal maintained the 60 day suspension and transfer but reversed the demotion, being of the opinion that the punishment was excessive. We also wanted to examine whether the court of appeal had exceeded its authority in modifying the penalty imposed without remanding the matter to the Commission for reimposition of the proper disciplinary measures. We find it unnecessary to address squarely this latter issue, however, because the action of the court of appeal in reversing the imposed penalty was contrary to the law and the evidence. In our opinion, because the plaintiff never met the threshold requirement of showing that the penalty had been imposed arbitrarily and capriciously, the penalty should not have been modified on appeal. Accordingly, we need not determine whether the matter should have been remanded to the Commission.
These proceedings arose out of the following set of circumstances: Allen Newman, a nineteen year veteran of the force with the rank of captain, left the Algiers firehouse where he and two other firemen were on duty as a "ladder unit" in the early morning hours of October 5, 1980 in order to obtain a meal. He was accompanied by another fireman, and the two were gone for approximately an hour and forty-five minutes. The two remaining unit members were sleeping at the time and did not discover Newman's absence until they prepared to "roll" on an alarm. A superior officer discovered Newman's absence when the under-manned unit became involved in a traffic accident on the way back to the station. Fire Superintendent William McCrossen subsequently disciplined Newman by suspending him from the force for 60 days, demoting him to the rank of firefighter, and transferring him to another fire station.
The appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary or capricious. Merchant v. Department of Finance, 391 So.2d 587 (La. App. 4th Cir.1980); cf. LSA-R.S. 49:964(G)(5). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the "efficient operation" of the public service. The appointing authority (Superintendent) must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. La. Const. art. X, § 8; Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Thornton v. Dept. of Health and Human Resources, 394 So.2d 1269 (La.App. 1st Cir.1981); Rodriguez v. Board of Commissioners, Port of New Orleans, 344 So.2d 436 (La.App. 4th Cir.1977). As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission. Sanders v. Dept. of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.), writs denied, 399 So.2d 602 (La.1981). We are of the opinion that the appointing authority demonstrated by a preponderance of the evidence *755 that the conduct of Newman did in fact impair the efficient and orderly operation of the fire department. Therefore, the action of the Commission in imposing such disciplinary measures may not be characterized as arbitrary and capricious, and the court of appeal erred in so finding.
In its reasons for reversing Newman's demotion, the court of appeal relied heavily on the testimony of Newman that men from other companies or units were routinely interchanged to fill a vacancy on a short-manned unit should a member of that unit have become absent. The court believed Newman's "primary mistake [to have been] leaving the company house without notifying the other members of his unit...." In our opinion, this factual determination, which formed the principal basis for the court of appeal decision, is erroneous and contrary to the evidence.
Our review of the record shows that the basis for the disciplinary measures against Newman was not solely the fact that he was absent without notifying the other members of his unit. He was specifically charged with violating the following provisions:
Section 6:01CAPTAIN'S RULESthis position is one of the utmost importance in the enforcement of discipline and the promotion and maintenance of efficiency. The captain shall consider it his duty to set a good example and require that his command measure up to Departmental requirements.
Section 11:16GENERAL RULESNo person shall leave quarters without permission except when response is made to an alarm.
Section 11:29GENERAL RULESAbsence or tardiness without proper notification and permission shall be considered as absent without leave and the offender shall be penalized accordingly.
Newman's absence must be viewed in a context larger than mere absence without permission or notification. His dereliction was compounded when his unit was required to answer an alarm in his absence. His rank of captain carried with it considerably more responsibility than mere participation as a member of a ladder unit. See section 6:01, supra. As a captain, Newman was commander of the unit with front-line responsibility for promoting discipline and efficiency of operation.
Further, contrary to Newman's contentions, the great weight of the testimony indicated that members of other companies or units were not routinely interchanged with under-manned ladder units short of personnel. If such interchanges had ever occurred, they were not effected pursuant to normal practice or policy of the department. Safety provisions in the bargaining agreement with the firefighters' union and departmental regulations require that ladder units be operated with a minimum complement of three firefighters. The only time a ladder unit could be operated with less than three members would be a situation where one member was enroute to the station house when the unit was called out, or where appropriate permission had been obtained from the proper authority. Still further, under departmental regulations, captains do not have the authority to grant permission for their own absence. Under no circumstances are captains allowed to leave the station for food without the express permission of the district chief.
The actions of Newman in leaving the station reduced dangerously the manpower level and efficiency of his ladder unit in violation of department policy and his duty as a fire captain and unit commander. We are of the opinion that only refusing to fight an actual fire had he been present to respond to the alarm could be considered a greater dereliction of duty. Testimony of high-ranking officers in the fire department rated a two-man ladder unit as "useless", even dangerous if it unnecessarily impeded access to the fire by other working units. The job of the ladder unit is to arrive at the scene before other firefighting units in order to ventilate the building and facilitate the access of units whose job is to actually put out the fire. Newman's dereliction therefore had far broader implications than mere absence and could have endangered the safety of the public.
*756 Therefore, in view of all of the departmental rules and regulations governing such matters and in view of the added responsibilities attendant the rank of captain, it was improper for the court of appeal to down-play the action of Newman in this case by characterizing it as simply "absent without notification." The public puts its trust in the fire department as a guardian of its safety, and it is important that the department be allowed to set appropriate standards of conduct for its employees sworn to uphold that trust. The action of the Commission in demoting Newman to the rank of firefighter is not arbitrary or capricious since it was proved by the Superintendent, by a preponderance of the evidence, that Newman's dereliction substantially impaired the efficient and orderly operation of the fire department. Leggett v. Northwestern State College, supra; Thornton v. DHHR, supra; Rodriguez v. Board of Commissioners, supra.

DECREE
For the foregoing reasons, the judgment of the court of appeal reversing the demotion of the plaintiff, Allen Newman, from the rank of captain to the rank of firefighter is reversed, and the judgment of the New Orleans Civil Service Commission is reinstated. The judgment of the court of appeal is affirmed in all other respects.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
LEMMON, J., concurs, believing there was sufficient cause to warrant the demotion.