CHEHARDY, Chief Judge.
This is an administrative appeal by a discharged employee of Jefferson Parish from the Jefferson Parish Personnel Board’s decision upholding his dismissal. We affirm, for the reasons assigned.
Leon Bonner, employed as a permanent-status recreation center supervisor by the Jefferson Parish Department of Parks and Recreation, was dismissed effective February 6, 1987, for receiving two consecutive “unsatisfactory performance” service ratings. The complaints against Bonner were detailed in a letter dated February 3, 1987, *256 from the Assistant Director of the Department, which stated further,
“[T]he Department and the Director are left with one basic conclusion and that is that you are, for whatever reason, either unable and/or unwilling to follow the general instructions and policies as issued by the Department for the proper operation of your recreation center. * * * ff
Bonner filed an appeal to the Jefferson Parish Personnel Board, claiming his dismissal was based on racial discrimination and that he had never been given written notice that his work was unsatisfactory.
After a hearing before a board-appointed hearing examiner on May 22, 1987, the Personnel Board reviewed the record and testimony, issuing its written findings and conclusions on June 22, 1987. The Board found that there were eight complaints considered by the supervisory authority in reaching the decision to remove Bonner from his position.
Two of these charges — that Bonner was seen away from his playground during working hours, contrary to policy, and that Bonner failed to see to it that his night supervisor attended a supervisors’ meeting —were found to be substantially invalid. Two others — that Bonner failed to organize and enter teams in the soccer program and that he failed to organize a boosters’ club for the playground — were found to be essentially true, but with extenuating circumstances.
The remaining four complaints were found to have merit. They were as follows:
(1) That Bonner had scheduled games for Thanksgiving and Christmas Eve, times at which the playground was to be closed and unmanned;
(2) That he failed to turn in basketball registration forms and rosters by established deadlines, a repetition of previous failures about which he had been reprimanded and warned;
(3) That his submittal of rosters and forms was disorganized and had to be returned to him for correction; and
(4)That he failed to schedule basketball games into January, contrary to rule, a repetition of previous failures about which he had been warned.
The Board concluded,
“The testimony and evidence clearly establish that the Appellant had serious performance deficiencies of a repetitive and continuing nature, and that he had been cautioned on more than one occasion of the need to correct the deficiencies. It is also established that demotion was not a viable alternative to dismissal, because the Appellant’s former, lower-level job no longer existed, and because other available job options entailed performance standards similar to those in which the Appellant was deficient. The record contains no proof or evidence whatever to support the Appellant’s suggestion of racial discrimination as a basis for the dismissal.”
On appeal to this court, Bonner asserts the Board erred in finding that the scheduling of games on Thanksgiving Day and Christmas Eve was a violation of a rule or regulation of the Department. He contends that the appointing authority failed to introduce written evidence that departmental rules forbid scheduling games on holidays.
With respect to his tardiness in filing the basketball registration forms and rosters, he states his were late by only one working day and denies that he had previously filed such items late. He contends the late filing of a roster over the Christmas holidays is not of such significance to require termination of his employment.
As to the charge that he submitted the rosters and forms in a disorganized manner, he denied this at the hearing and points out the evidence that these forms are picked up from the playgrounds by a courier, who delivers them to the administrative office. He argues that the forms could have been disarranged by some other person who handled them in this process.
Regarding his scheduling the basketball season to end in December, he asserts that is not a violation of department rules. He points out that the official Basketball Rules *257 & Regulations, entered by the appointing authority as an exhibit, lists registration dates, practice dates and a suggested date for beginning the season, but do not list a suggested date for ending the season. He also states that when he was informed that the department wanted the games to continue into January and the All-Star games, he amended the schedule accordingly.
The appellant asserts that none of the complaints, alone or in combination, justify terminating his employment.
The appointing authority cites the Personnel Rules of Jefferson Parish, Rule XII, Section 1.6, which states that any employee rated unsatisfactory shall be re-rated within two to six months and if the re-rating is unsatisfactory, the appointing authority has the duty to reassign, demote, or dismiss the unsatisfactory employee.
The appropriate standard of appellate review of actions by a civil service board is to determine whether the conclusion reached was arbitrary or capricious. Newman v. Department of Fire, 425 So.2d 753 (La.1983). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of the public service, and the appointing authority must demonstrate by a preponderance of the evidence that the conduct did in fact impair the efficiency and orderly operation of the public service. Id.
On appellate review, the findings of fact of a civil service board are entitled to the same weight as the findings of fact made by a trial court and are not to be overturned in the absence of manifest error. City of Kenner v. Wool, 433 So.2d 785 (La.App. 5 Cir.1983).
On reviewing the evidence and testimony, we find no manifest error in the findings of the Personnel Board, nor do we find abuse of the Board’s discretion in the penalty imposed on appellant.
Bonner’s preceding service rating evaluation, on which he received an unsatisfactory performance rating, was on August 12,1986. On August 29, 1986, he was sent a letter by the department’s recreation administrator, who stated, in pertinent part,
“I find that one of our chief problems as it pertains to your performance lies in the fact that you need to be constantly prodded and reminded about deadlines as they pertain to the general operation of the Recreation Center and the programs that are offered by same. * * * ”
Following this is a list of specific incidents for which Bonner had been sent written warnings and memos regarding tasks not performed or deadlines missed. Among these were notations regarding Bonner’s misscheduling of basketball games to end in December, rather than continuing through the month of January, and his failure to turn in rosters and registration forms for various teams by the deadline. (The letter also listed other incidents we omit as irrelevant to the subsequent service rating.)
In that letter Bonner was advised that he would be re-rated after approximately three months and no sooner than December 1,1986; that he was required to correct the deficiencies noted therein; that if he failed to do so, the department would have to impose Rule 1.6 (i.e., the rule regarding reassignment, demotion or dismissal).
Considering this prior evaluation, we find the appointing authority sufficiently proved that Bonner had been warned in writing of his deficiencies, including his misscheduling of games and his failure to turn in paperwork timely. The record establishes that Bonner had erroneously scheduled games for holidays on which the playground was supposed to be closed, and that he was late in turning in the basketball registration forms and rosters.
On the other hand, the charge that Bonner turned in disorganized forms and rosters was not proven by a preponderance of the evidence. These documents passed through other hands between the time Bonner submitted them and his supervisor received them. In the face of Bonner’s assertion that the documents were properly ordered when he sent them, the appointing authority failed to establish that they were *258 not disarranged by the intervening processing. Therefore, the Personnel Board erred in finding this a serious deficiency on Bonner’s part.
As a whole, however, it is apparent that Bonner’s job performance was unsatisfactory and impaired the efficient operation of the Department of Parks and Recreation.
The witnesses for the appointing authority testified there were no suitable positions available to which Bonner could be demoted because the only available positions have performance standards similar to those required of a recreation center supervisor. In view of Bonner’s repeated failure to meet the requirements in his present position, we cannot say the appointing authority was arbitrary and capricious in dismissing him for the failures we find proven by the evidence.
Accordingly, we affirm the decision of the Jefferson Parish Personnel Board upholding appellant’s termination. Costs of this appeal are assessed against the appellant.
AFFIRMED.