CIACCIO, Judge.
Appellant, Farrell St. Martin, was suspended from his employment as a police officer with the New Orleans Police Department and received a demotion in rank effective October 9, 1985. St. Martin appealed this disciplinary action to the Civil Service Commission. On August 23,1988 a hearing was held before a Commission Hearing Examiner, and on November 30, 1988 the Commission upheld the suspension and demotion. St. Martin now appeals the Commission’s decision. We reverse.
The disciplinary action in this case arose out of an incident which occurred on September 18, 1985 wherein appellant and two others, Officers Clarence Taplin and Ro-mallis Stakes participated in an arrest of *248 Patrick Ledet at the intersection of the I — 10 Service Road and Read Boulevard. Ledet later filed a complaint alleging that while he was being transported to Central Lockup by the three arresting officers he was shocked by Officer Stukes with an electronic device known as a stun gun. This incident prompted an internal police investigation wherein appellant was found to have participated in the battery on Mr. Ledet and to have been untruthful in denying any knowledge of the incident.
By letter dated February 4, 1986 signed by the Superintendent of Police, appellant was found to be in violation of Departmental Rule 2 relative to Adherence to Law and Truthfulness. These rules read as follows:
RULE 2 MORAL CONDUCT
1. ADHERENCE TO LAW
A member shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans, but when in another jurisdiction shall obey the applicable laws. Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.
APPLICABLE LAW
R. S. 14: Article 34 Aggravated Battery Aggravated battery is a battery committed with a dangerous weapon.
R. S. 14: Article 134 Malfeasance in Office
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform such duty in any unlawful manner ...
RULE 2 MORAL CONDUCT
3. TRUTHFULNESS
Upon order of the Superintendent of Police, the Superintendent’s designee, or a superior officer, members shall truthfully answer all questions specifically directed and narrowly related to the scope of employment and operations of the Department which may be asked of them.
The penalty imposed on appellant for these violations was a suspension of one hundred and twenty days and demotion from the grade of Police Officer III to the grade of Police Officer II.
By his appeal to this court, appellant raises three specifications of error. The first alleges the Commission erred by allowing the deposition of Patrick Ledet into evidence in lieu of his live testimony at trial.
La.C.C.P. art. 1450, prior to its 1988 amendment, is applicable here, and provides in pertinent part as follows:

Use of depositions

A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions: ...
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: ...
(d) That the party offering the deposition has been unable to procure the attendance of the witness by subpoena.
At the Civil Service hearing, the appointing authority (the Department of Police) introduced a deposition taken of Patrick Ledet in lieu of his presence at the hearing. This deposition was taken on December 4, 1985 by counsel for Officers Stukes and Taplin during a separate civil suit filed by Ledet against the arresting officers and the City of New Orleans. Counsel for Officer St. Martin had been notified of the deposition, but was not able to be present *249 due to family illness, and as a result did not participate in cross-examination of Ledet. We find that the introduction of a deposition of an important witness taken in a separate proceeding almost three years earlier wherein the interests of appellant were not represented is prejudicial to appellant.
With regard to Ledet’s absence at trial, the record indicates that counsel for the appointing authority asserted that Ledet had been subpoenaed for the hearing by sending a notice both to his residence and to his attorney. Counsel further asserted that Ledet failed to appear because he was a fugitive from justice, although there is no independent evidence which supports this fact. The record further shows that there was no attempt made for an attachment of Ledet in order to compel his presence at the hearing. In addition, there is no support in the record that a subpoena was actually served on Ledet. Although a copy of a subpoena which lists an incorrect address for Ledet is attached to appellee’s brief, this may not be considered as there is no subpoena in the record. Further, although counsel asserts that Ledet’s attorney received service of a subpoena, there has been no showing made that Ledet was notified by counsel of the hearing. We find that the appointing authority failed to show that the witness was unavailable for the hearing. Under these circumstances, the use of a deposition does not qualify under the provisions of La.C.C.P. art. 1450. See, Harvey v. Travelers Ins. Co. 487 So.2d 106 (La.App. 4th Cir.1986).
Although the Civil Service Commission is not bound by the technical rules of evidence, only legally competent evidence will be considered by us in our review of the case. Messer v. Department of Cor., La. State Pen., 358 So.2d 975 (La.App. 1st Cir.1978). Based on the lack of any competent evidence that the appointing authority was unable to procure the attendance of the witness by subpoena, and on the fact that appellant was not represented by counsel at the deposition, we conclude that the Commission erred in allowing the appointing authority to use Ledet’s deposition.
Appellant’s remaining specifications of error assert that the Commission erred in upholding the suspension and demotion.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. La. Const. Art. X, Section 8(A). The permanent employee may appeal from such disciplinary action to the Civil Service Commission; the appointing authority bears the burden of proving by a preponderance of the evidence that the employee’s conduct in fact impaired the efficiency and orderly operation of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983).
The Civil Service Commission’s decision is subject to review on any questions of law or fact upon appeal to the court of appeal. La. Const. Art. X, Section 12(B); Bruno v. Department of Police, 462 So.2d 139 (La.1985). The standard of review by an appellate court is whether the conclusion reached by the Commission is arbitrary, capricious or an abuse of discretion. Walters v. Department of Police, 454 So.2d 106 (La.1984).
The record from the hearing of the Commission reveals the following testimony, after disregarding the improperly admitted deposition testimony of Patrick Ledet.
Mr. and Mrs. Rusty Williams testified that they are in the business of selling law enforcement equipment and that they had sold two stun guns to Officers Taplin and Stukes on August 7, 1985. Officer Clarence Taplin testified conversely that he had never purchased a stun gun and that he was not present during any battery with such a device on Patrick Ledet.
Sergeants Susan Graham and Israel Fields of the New Orleans Police Department testified that they conducted investigations into allegations of an aggravated battery on Patrick Ledet. From these investigations, which consisted of interviews with the arresting officers and Patrick Le-det, they concluded that appellant was *250 present during the battery on Ledet and that he was untruthful when he denied knowledge of it.
However, without any testimony of Patrick Ledet at the hearing, we are unable to find support in the record that appellant was involved in the alleged incident. Although Sergeant Fields testified that he examined the marks on Ledet’s body and found they corresponded with the markings left by the stun guns sold by the Williams’, there is no evidence to support a conclusion that appellant was present when Ledet received those injuries. In fact, appellant testified at the hearing that although he participated in Ledet’s arrest, he was not present during any alleged battery on Le-det. We find that there is nothing in the record to contradict his testimony.
Based on our review of the record, we are of the opinion that the appointing authority failed to demonstrate by a preponderance of the evidence that appellant was present when the battery took place and that he was untruthful when he denied any knowledge of it. We find that the Civil Service Commission abused its discretion in holding otherwise. The action of the Commission in upholding such disciplinary measures based on the lack of any evidence in the record that such measures were based on sufficient cause may be characterized as arbitrary and capricious.
The decision of the Commission upholding appellant’s suspension and demotion is therefore reversed. We hereby set aside the 120 day suspension of appellant from October 9, 1985 to February 5, 1986 and order full back pay which appellant lost during this period.
Further, we hereby restore Officer Farrell St. Martin to the grade of Police Officer. III. With regard to the back pay lost as a result of the demotion, we find that the hearing in this matter was unreasonably delayed for almost three years. There is nothing in the record to show that appellant made any attempt to have the matter brought to hearing expeditiously. Under these circumstances, we find that appellant is entitled to back pay of the difference between Police Officer II and Police Officer III for a period of twelve months from the date of the demotion.
All costs are to be taxed against appel-lee.
REVERSED.