WILLIAMS, Judge.
This is an appeal by the Department of Fire of the City of New Orleans from a decision of the City Civil Service Commission reinstating Cynthia Houston to employment with the Department after she was dismissed for excessive absenteeism. The Commission concluded that her absence from work did not constitute cause for dismissal under the particular circumstances of the case. The issue in this court is whether the Commission erred in reaching this conclusion.
Houston worked as a dispatcher for the Fire Department from March 25, 1985 until her termination on February 28, 1989. As a dispatcher, she received fourteen days a year for annual leave and fourteen days a year for sick leave. Sick leave may be accumulated year to year; annual leave can be accumulated to a maximum of forty-five days.
On December 5, 1988, Houston’s supervisor saw Houston “nod off” at her station and asked her to leave. The next day, December 6, she went to Charity Hospital for an examination. She received a doctor’s note stating she was able to return to work on December 7. She was placed on sick leave December 7 by William McCros-sen, Superintendent of Fire. Also on that day the Department’s physician, Jack P. Ruli, informed McCrossen that Houston had been diagnosed as having epilepsy. Ruli recommended she have a complete medical evaluation and that she not be allowed to return to work until her physicians found her illness to be under control. On December 9, 1988 McCrossen informed Houston that she had exhausted all accumulated sick leave and that she would exhaust her accumulated annual leave December 12, 1988. He informed her she would be maintained on leave without pay or terminated at his discretion. She was in fact maintained on leave without pay after December 12, 1988. On January 12, 1989 Ruli recommended that Houston be kept out of work for four weeks. She appeared before the Departmental Board of Internal *634 Affairs on February 20, 1989 whereupon she advised the board she was in need of further testing. As of February 23, 1989 she was still undergoing tests. On February 28, 1989, McCrossen terminated Houston’s employment.
Houston appealed to the Civil Service Commission, City of New Orleans. On October 25, 1989, a hearing was held and the Commission reinstated her, stating:
The Appellant’s doctor, as well as the Appointing Authority’s doctor, diagnosed her as having a seizure disorder. Strangely, while on forced leave by Dr. Ruli, the Appointing Authority’s doctor, the Appellant was dismissed. Seemingly this action was taken without regard to two doctors’ statements about the Appellant’s health. It was noted that the Appellant had not had a seizure in over a year and was taking all required medicines and submitting to medical evaluations.
The Appellant’s frequent but excused absences do not mandate dismissal from her employment. This record does not reflect abusive or extreme use of leave without cause.
The appropriate standard of review in determining whether a decision of the Civil Service Commission should be affirmed or reversed is whether that decision is arbitrary, capricious, or manifestly erroneous. Newman v. Department of Fire, 425 So.2d 753 (La.1983). We cannot say the Commission was arbitrary or capricious in finding that Houston’s absences were excused after she was diagnosed with a seizure, disorder. Accordingly, we affirm the Commission’s reinstatement.
AFFIRMED.