JACHARLES R. JONES, Judge.
Appellant, Clifton Fernandez, appeals the Appointing Authority’s decision charging him with violating Section 5.2.8 of the Rules and Regulations of the New Orleans Fire Department and transferring him from the Hazardous Materials Unit of the Department of Fire. After a hearing on the matter, the Civil Service Commission *1164 upheld the decision of the Fire Department. We affirm.
Facts
The facts are undisputed by the parties. On July 4th, 1997, Firefighter Ukali Mwendo was ordered by New Orleans Fire Department Superintendent Warren McDaniels to participate in a Firefighters’ Challenge (hereinafter the “challenge”) to take place on July 7th, 1997. The challenge is a multipart athletic event for firefighters. Via interoffice memorandum, Fireman Clifton Fernandez, Mr. Mwendo’s supervisor, ordered Mr. Mwendo not to participate in the challenge. Mr. Fernandez argued that his reason for circulating the correspondence to Mr. Mwendo was because he was aware of the danger associated with participating in the challenge in the July humidity. Mr. Fernandez also argued that he felt Mr. Mwendo was not ready for the challenge and that participating could pose serious danger to Mr. Mwendo’s health. He further maintains that his safety concerns were ^especially heightened because he previously witnessed another colleague collapse during a challenge. In that particular incident, the colleague was brought by EMS to the hospital where it was later determined that he suffered from heat exhaustion.
On July 7th, 1997, Mr. Mwendo participated in the challenge despite Mr. Fernandez’s request that he not do so. Subsequently, the New Orleans Fire Department found the memorandum to Mr. Mwendo from Mr. Fernandez and Mr. Fernandez was charged by the Fire Department with insubordination for issuing the order countermanding the order of the Superintendent and for failing to follow the chain of command under Rule 5.2.8 of the Fire Department’s rules and regulations. He was then transferred from the Hazardous Materials (hereinafter “Haz Mat”) Unit of the Department of Fire.
Procedural History
Mr. Fernandez appealed his transfer by the Appointing Authority to the Commission which heard this matter on August 3, 1998, September 3, 1998, January 8, 1999, February 12, 1999 and March 3, 1999. The Commission upheld Mr. Fernandez’s transfer from the Haz Mat Unit and corresponding loss of 5% of his pay effective October 1, 1997. On September 11, 1997, Mr. Fernandez was charged with violating Fire Department Rule 5.2.8 (discussed infra). It is from the Commission’s decision that Mr. Fernandez takes this appeal.
Argument
Mr. Fernandez on appeal raises two issues for review. Only the second issue, whether Mr. Fernandez’s punishment was excessive, is properly before this Court. Mr. Fernandez’s first issue simply concludes that he should not have been transferred from the Haz Mat Unit citing no legal precedent. Thus, we have I ^determined that the real issue before this Court is whether the Commission acted arbitrarily and capriciously or committed manifest error in its findings.
Mr. Fernandez relies upon Walter v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984) arguing that the Commission has a duty to decide independently from the facts presented whether the Appointing Authority had a good or lawful cause for taking the disciplinary action and if so, whether the punishment imposed is commensurate with the dereliction. He argues that the penalty imposed, removal from a unit for which he was trained and worked for years and the loss of salary, is excessive and should be reduced.
The Commission found that Mr. Fernandez was guilty of violating Section 5.2.8 of the Rules and Regulations of the New Orleans Fire Department, which provides that:
*1165 No officer shall interfere in matters for which another officer of equal rank is responsible, except by order of Superior. Conflict of authority must be avoided and the chain of command adhered to at all times except for an emergency. (emphasis added).
Mr. Fernandez argues that his safety concerns for Mr. Mwendo constituted an emergency situation that he concluded needed to be addressed immediately. However, Superintendent McDaniels testified before the Commission that an emergency situation is one where there is no time to discuss the matter with a superior officer. He further testified that Mr. Fernandez made no attempt to contact him directly regarding the situation.
Mr. Fernandez testified that he did not contact his superiors because it was late at night when he learned of Mr. Mwendo’s order to participate in the challenge and that he did not have to report to work the following day. Mr. Fernandez further attempts to defend his actions by arguing that the challenge was being ^administered improperly, without requisite safety considerations and warnings to the participants prior to the test. He also argues that he advised Mr. Mwendo to present the letter to the training school officers if he felt it was necessary. Mr. Fernandez further maintains that Mr. Mwendo never obeyed his attempt to discourage him and therefore he should not be punished.
The Commission’s report indicates that Mr. Fernandez has a problem with authority and that transferring him out of the Haz Mat Unit to a more traditional assignment would be appropriate. Mr. Fernandez counters the Commission’s report arguing that this disciplinary action is a result of a previous incident by which he was transferred from the Haz Mat Unit and then reinstated, thus subjecting him to unfair treatment.
The letter written by Mr. Fernandez to Mr. Mwendo is a clear order not to participate in the challenge. Mr. Fernandez wrote in pertinent part, “.... I am hereby ordering you not to participate in the Firefighters’ Challenge at any time while on duty until such time that this order is rescinded by me in writing.”
The Appointing Authority has the burden of proving by a preponderance of the evidence the occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4th Cir.1990). While these facts must be clearly established, they need not be established beyond a reasonable doubt. Id.
Citing the decision of the Louisiana Supreme Court in Newman v. Department of Fire, 425 So.2d 753 (La.1983), this court held in Stevens v. Department of Police, 2000-1682, p. 8 (La.App. 4 Cir 5/9/01), 789 So.2d 622, 627 that:
|sThe public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman, supra. Indeed, the Commission should give heightened regard to the appointing authorities that serve as special guardians of the public’s safety and operate as quasi-military institutions where strict discipline is imperative.
The New Orleans Fire Department, like the Department of Police, is a quasi-military institution where strict discipline is imperative. Mr. Fernandez’s conduct impaired the efficiency of the public service.
We agree with the Commission who established that Mr. Fernandez failed to follow the chain of command pursuant to Section 5.2.8. We further agree with the Commission that Mr. Fernandez did *1166 not prove that the decision to transfer him was the result of a retaliatory action by the New Orleans Fire Department.
An appellate court’s standard of review is established by the constitutional rule that the Commission’s decision is subject to review on any question of law or fact. Accordingly, a court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the Commission’s factual findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990); Walters v. Department of Police, supra; Goins v. Department of Police, 570 So.2d 93 (La.App. 4th Cir., 1990).
The Commission was not manifestly erroneous in transferring Mr. Fernandez from the Haz. Mat Unit. Mr. Fernandez established that he has been a firefighter for many years, therefore, we find that he should have known to follow the chain of command and should have known what constituted an emergency | ^situation under Section 5.2.8. Mr. Mwendo’s failure to follow Mr. Fernandez’s order does not negate Mr. Fernandez’s actions to undermine his superiors.
Decree
For the reasons stated herein, we affirm the decision of the Civil Service Commission which affirmed the discipline imposed by the New Orleans Fire Department transferring Clifton Fernandez from the Haz Mat Unit resulting in a 5% loss of income for violating Section 5.2.8. of the Rules and Regulations of the New Orleans Fire Department.
AFFIRMED.