JACHARLES R. JONES, Judge.
This is an appeal of a Civil Service Commission’s (“hereinafter the Commission”) decision, overturning the Sewerage and Water Board’s (Board) disciplinary suspension of Maurice Stewart We affirm.
Mr. Stewart has been employed as a maintenance technician for the Board since May of 1996. On September 23, 2002, Mr. Stewart was issued a twenty-day suspension for initiating an altercation with a coworker on August 6, 2002. Mr. Stewart appealed the suspension to the Commission, and the matter was heard on November 12, 2002.
Two witnesses testified before the Commission’s hearing officer. Namely, Mr. Stewart and Anthony Joseph on behalf of the Board. Mr. Joseph was the Zone Manager, responsible for routing and supervising crews in the zone in which Mr. Stewart was assigned.
Mr. Joseph testified that he personally investigated the August 6th incident, and that after interviewing witnesses, determined that Mr. Stewart was the instigator of the altercation. Mr. Joseph further testified that he was personally aware of pri- or disciplinary problems involving Mr. Stewart, wherein Mr. Stewart had to be transferred from three different trucks for having problems with cojworkers.2 The record of a previous three-day suspension, that Mr. Stewart received for fighting on July 16, 2001, was also introduced. The Board presented no other witnesses. Only Mr. Stewart testified on his behalf, wherein he denied being the aggressor.
After hearing the matter, Harry S. Ter-valon, Jr., Hearing Officer for the Commission, rendered his opinion and stated, “[biased on the testimony of all the witnesses, the evidence submitted, and the observation of the Hearing Officer, the *210 case against Appellant is proven. The Appeal should be dismissed.” Thereafter, the three-member panel for the Commission rendered their decision on May 28, 2003, declining to follow the ruling of the Hearing Officer. Instead, the panel granted Stewart’s appeal and ordered the Board to reimburse Stewart for twenty days of back pay. The Commission’s findings stated in pertinent part:
The Appointing Authority has failed to introduce any evidence in support of its position. The conclusion of an investigator without any supporting evidence is not sufficient for the Appointing Authority to meet its burden of proof; particularly where the Appellant testifies to the contrary. The Appellant’s testimony is the only direct evidence presented at the hearing, and we will credit his testimony over secondhand reports. Further, the Appellant was never allowed the opportunity to cross-examine the evidence presented against him because the Appointing Authority failed to present the testimony of any witness to the alleged incident. No one who was involved or who witnessed the alleged altercation testified.
We are not prepared to accept the report of an investigator as the sole evidence in support of a disciplinary action. This is a formal hearing that requires testimony from first hand witnesses.
The Board argues on this appeal that the Commission was arbitrary and capricious in interfering with the authority of the Board to manage its department. Stewart is not represented by counsel and has not filed an appellee brief herein.

\ STANDARD OF REVIEW:

In Walters v. Department of Police, 454 So.2d 106 (La.1984), the Louisiana Supreme Court discussed the standard of review for an appeal of a city civil service commission decision as follows:
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. He may appeal from such disciplinary action to the City Civil Service Commission, and the burden of proof on appeal, as to the facts, is on the appointing authority. La. Const. Art X, § 8.
... The Commission’s decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. La. Const, art. X, § 12(B).
This court has formulated jurisprudential precepts to guide the Commission and the courts of appeal in applying these constitutional principles. “Cause” for the dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. The Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. A reviewing court should not reverse a commission conclusion ... unless the decision is arbitrary, capricious or an abuse of the commission’s discretion.
... Accordingly, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the commission’s factual findings. ... Due concern both for the intention of the constitution and for the boundaries between the functions of the com *211 mission and of the court, however, demands that a reviewing court exercise other aspects of its review function with more circumspection. In reviewing the commission’s finding of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion. Id. at 113-14 (citations omitted).
l/The Louisiana Supreme Court has determined that “arbitrary and capricious” in the context of a civil service commission decision means that there is no rational basis for the action taken. Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641. In Newman v. Department of Fire, 425 So.2d 753 (La.1983), the Supreme Court discussed the arbitrary and capricious standard as follows:
Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. Id. at 754.

DISCUSSION

We do not find that the Civil Service Commission (the Commission) acted arbitrarily or capriciously when the Commission reversed the Order of Suspension of the Appellee, Maurice Stewart. On the contrary, the record demonstrates that the Commission did not err.
The Commission, upon review of the record of evidence and testimony taken before the hearing examiner, found that the appointing authority failed to present sufficient evidence to support a determination that the claimant was in fact responsible for conduct detrimental to the interest of the Commission, and that the claimant had in fact caused the altercation. The Commission further concluded that the legal standard of proof by clear and convincing evidence was not present in this record. I agree.
The Commission specifically noted that the hearsay testimony of Mr. Joseph was insufficient to meet the high legal standard required by the Commission, and the record supports this conclusion. Mr. Joseph testified:
IsQ: Did you investigate an incident that occurred on August 6th, 2002 involving Lonnie Thompson and Mr. Stewart?
A: Yes, I did.
Q: Okay. What did you discover?
A: Well, I spoke with the foreman on the truck. I spoke with a couple of the guys on the truck. And they told me that Maurice had had words prior to that date with another guy on the truck, which name was Larry Warren. And they told me the following day that Maurice got into an altercation the guy by the name of Lonnie Thompson.
So, I spoke with the supervisor on the truck and asked him who did he thought had really initiated the problem, and he told me that it was really Maurice, that the guys wasn’t giving him a problem, it was him that was initiating it.
It is obvious that the Commission determined that the failure to produce actual witnesses to the altercation by the appointing authority, persons whose statements could be subjected to close scrutiny, constituted a breach of the standard of proof required in these proceedings.
The lack of evidence available to the Commission and not presented at the *212 hearing is also demonstrated through the testimony of Mr. Joseph:
Q: All right. After the incident, the most recent incident with Lonnie Thompson, did you have a disciplinary hearing?
A: Yes, we did.
Q: Okay. What was at the disciplinary hearing?
A: Myself, Jerome Marshall, which is my Q & A, E.J. McMillian; he was the foreman on the truck, Lonnie Thompson, Larry Warren, Eddie Williams, and Dan Eagan, which is my planning scheduler, and Maurice Stewart.
| r,These witnesses clearly had more competent evidence of misconduct than Mr. Joseph, and they were not called to testify at the hearing.
Finally, and more startling, is the further testimony of Mr. Joseph:
Q: Do you have any knowledge of why he was given a 20 days instead of a 3 day?
A: Well, I spoke with the Chief of networks, Eric Kelly, and he said he had reviewed his record and he knew the Maurice from certain incidents that had happened with Maurice. And he was the one who changed it from the three day to the 20 day suspension.
The collective testimony, above all, indicates the cavalier manner in which this matter was handled by the appointing authority, and supports the decision of the Commission to reject the recommendation of the hearing examiner.

DECREE

For the reasons stated herein, we affirm the judgment of the Civil Service Commission vacating the Order of Suspension of Maurice Stewart.

AFFIRMED.

BAGNERIS, J., dissents with reasons.