LBAGNERIS, J.,
dissents with reasons.
I respectfully dissent from the majority opinion, which affirms the judgment of the Civil Service Commission vacating the Order of Suspension of Maurice Stewart. Rather, I find that the Commission was arbitrary and capricious in overruling the Board’s decision to discipline Stewart.
Although the Board presented only Joseph to testify at the Commission hearing, it is clear from his testimony, and the documentary evidence submitted, that the disciplinary action was warranted. Joseph testified that he had firsthand knowledge of Stewart’s history of conduct problems from the time Stewart was first transferred into his zone in early 2001. Joseph explained how he personally investigated the incident that resulted in the July 2001 suspension, as well as the most recent suspension. Moreover, Joseph testified, in great detail, how he interviewed all witnesses, including Stewart, before concluding that Stewart was the aggressor in the August 6th altercation.
The record of the August 14th disciplinary hearing further demonstrates that Joseph, Stewart and five witnesses to the incident all took part in the hearing. The outcome of the investigation and hearing was the recommendation of a three-day suspension. Joseph explained that Eric Kelly, the Chief of Networks, thereafter increased the suspension to twenty | ?days, given his own knowledge of Stewart’s disciplinary record. The letter from the Board, advising Stewart of the suspension, also confirms the fact that Stewart’s prior record was a consideration in the imposition of the suspension.
*213 To support a disciplinary action against a civil service employee, the Appointing Authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. Newman v. Department of Fire, 425 So.2d 753, 754 (La.1983). When asked at the Commission hearing if Stewart’s conduct interfered with the operation of the Department, Joseph specifically testified that it did interfere, and that the work of the crew was interrupted. After a thorough review of the record, I find that the Board presented sufficient evidence and carried its burden of proof to support the disciplinary action taken against Stewart.[1]
Accordingly, I find that the Commission acted arbitrarily and capriciously in modifying the decision of the Board. Thus, I would reinstate the twenty-day suspension imposed on Stewart.

. I further note that the Commission Hearing Officer, after considering the live testimony of both Joseph and Stewart, found that the Board carried its burden of proof.