NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-533


CALLIE ABSHIRE

VERSUS

CITY OF KAPLAN


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 97740
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**James Isaac Funderburk**
**Funderburk & Herpin**
**P. O. Box 1030**
**Abbeville, LA 70511-1030**
**(337) 893-8140**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**City of Kaplan**

**Daniel M. Landry, III**
**P. O. Box 3784**
**Lafayette, LA 70502**
**(337) 237-7135**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Callie Abshire**

**EZELL, Judge.**

Callie Abshire appeals the decision of the trial court below finding that the Kaplan Civil Service Board (CSB) acted in good faith and with just cause in terminating her employment. For the following reasons, we affirm the decision of the trial court.

Ms. Abshire was Kaplan's Civil Service Board Director from August of 1998 until August of 2013. After the election of Mayor Kirk Champagne in 2010, she began having conflicts with the Mayor's office. On July 23, 2013, she was charged with several violations of the Civil Service Act, including: an unwillingness to perform her duties, deliberate omission of an act that was her duty to perform, commission of acts detrimental to her department or public interest, and insubordination. Specifically, she was charged with: 1) fostering an atmosphere of distrust and tension between her office and the City Administration; 2) making childish gestures and facial expressions at administration presentations; 3) repeatedly violating a directive from the CSB to limit contact with City Hall to email or through other CSB members; 4) publishing an email containing deliberately untrue or misleading statements concerning the Mayor; and 5) intentionally or negligently telling board members of incorrect dates for CSB meetings.

The CSB held a hearing on Ms. Abshire's charges and voted unanimously to fire her. She ultimately appealed that decision to the trial court below, who found that the decision of the CSB was made in good faith and with just cause. From that decision, Ms. Abshire appeals.

Ms. Abshire asserts one assignment of error on appeal, that the trial court erred in finding the CSB had just cause to fire her and acted in good faith. We disagree.

In *Bannister v. Department of Streets*, 95-404, p. 8 (La. 1/16/96), 666 So.2d 641, 647, the Louisiana Supreme Court stated:

> In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. *Walters v. Department of Police of the City of New Orleans*, 454 So.2d 106 (La.1984). First, as in other civil matters, deference will be given to the factual conclusions of the Commission. *Id.*; *Newman* [*v. Department of Fire*, 425 So.2d 753 (La.1983)]. Hence, in deciding whether to affirm the Commission's factual findings, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. *Walters, supra;* see also *Arceneaux v. Domingue,* 365 So.2d 1330 (La.1978). . . .
>
> Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. *Walters*, *supra*; *Newman, supra*; cf. La. R.S. 49:964. "Arbitrary or capricious" means the absence of a rational basis for the action taken. *Shields v. City of Shreveport*, 579 So.2d 961 (La.1991), citing *Bicknell v. United States*, 422 F.2d 1055 (5th Cir.1970).

Thus, in determining whether an action of the CSB was based on legal cause and in good faith, a reviewing court should not modify an order of the CSB unless such order is arbitrary, capricious, or characterized by an abuse of discretion. *Lange v. Orleans Levee Dist.*, 10-140 (La. 11/30/10), 56 So.3d 925. An administrative agency's determination is "capricious" when it has no substantial evidence to support it; it is "arbitrary" when the evidence has been disregarded or not given the proper weight. *Marsellus v. Dept. of Pub. Safety and Corrs.*, 04-860 (La.App. 1 Cir. 9/23/05), 923 So.2d 656. Deference must also be given to the factual conclusions of the Commission. *Bannister*, 666 So.2d 641.

In our review of the record before this court, we cannot find that the trial court committed manifest error in its determination that the CSB acted in good faith and with just cause. Ms. Abshire herself admitted to making the unprofessional gestures she was accused of. She had no sufficient explanation for that behavior. She further admitted to knowingly violating the directive that she not go to City Hall. Her response to the charges repeated, but did not counter the charge that she created or contributed to an air of tension and mistrust between her office and City Hall. The trial court further noted in its reasons for judgment that the CSB members who voted for her termination could directly observe this behavior or tension in their dealings with Ms. Abshire. There is clearly a reasonable factual basis for the findings of the trial court below. Accordingly, those findings cannot be manifest error. Ms. Abshire's assignment of error is without merit.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Ms. Abshire.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.