JAMES F. McKAY III, CHIEF JUDGE
_JjOn August 15, 2012, Kerry West was injured in a motor vehicle accident while he was in the course and scope of his employment with the Sewerage and Water Board of New Orleans (S&WB).[1] At the time of the accident, Mr. West was a classified employee with twenty-five (25) years on the job and he was in the Deferred Retirement Option Program (DROP).
Following the accident, Mr. West was under the care of his primary care physician, Dr. Waterman, and he did not return to work. The S&WB sent Mr. West to Dr. Steiner for a second opinion. Dr. Steiner performed a functional capacity evaluation. After this exam, Dr. Steiner opined that Mr. West could perform light duty work. Mr. West was then offered a light duty position with the S&WB. However, Mr. West declined that position because his primary care physician had not released him to return to work.
On May 22, 2014, the S&WB held a pre-termination hearing to determine Mr. West’s ability to return to work. Mr. West testified that he was unable to perform work of any kind. He also, admitted that he refused to return to work when |2he was offered a light duty accommodation. At no time during the hearing did Mr. West present any evidence that he was willing or able to return to work. On June 6, 2014, Mr. West was terminated pursuant to Civil Service Rule IX § 1.1 for being unwilling or unable to perform the duties of his job.
Mr. West appealed his termination to the Civil Service Commission for the City of New Orleans. Thereafter, a hearing took place where both sides presented testimony and introduced evidence. On June 1, 2015, the Commission issued its judgment, finding that there was sufficient cause to terminate Mr. West for violation of Civil Service Rule IX § 1.1, and denied his appeal. It is from this judgment that Mr. West now appeals to this Court.
On appeal, Mr. West raises the following assignments of error: 1) the Commission’s decision holding that Mr. West refused to report to work and did not provide the S&WB with any information as to when he would be able to report to work was made in error, and was arbitrary, capricious and characterized by an abuse of discretion; and 2) the Commission erred in finding sufficient cause for his termination, given that his doctor had not cleared him to return to work.
In civil service disciplinary eases, an appellate court is presented with a multifaceted review function. Walters v. Dept. of Police of the City of New Orleans, 454 So.2d 106, 113 (La.1984). First, as in other civil matters, deference will be given to the factual conclusions of the Commission. Id.; Newman v. Dept, of Fire, 425 So.2d 753, 754 (La.1983). Hence, in deciding whether to affirm the Commission’s factual findings, a reviewing court should apply the clearly wrong |sor manifest error rule prescribed generally for appellate review. Walters, 454 So.2d at 113; see also Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Second, in evaluating the Commission’s determination as to
*1014 whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission’s order unless it is arbitrary, capricious, or characterized by abuse of discretion. Walters, 454 So.2d at 114; Newman, 425 So.2d at 754; see also La. R.S. 49:964. “Arbitrary or capricious” means the absence of a rational basis for the action taken. Shields v. City of Shreveport, 579 So.2d 961, 964 (La.1991), citing Bicknell v. United States, 422 F.2d 1055 (5th Cir.1970).
Employees with permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const, art. X, § 8(A). “Cause” for the dismissal of such a person includes conduct prejudicial to the public service involved or detrimental to its efficient operation. Walters, 454 So.2d at 113. Stated differently, disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. Newman, 425 So.2d at 754; see also Bannister v. Dept. of Streets, 95-0404, p. 8 (La. 1/16/96), 666 So.2d 641, 647.
 In order to find sufficient cause for termination under Rule IX, § 1.1, it is not necessary that an appointing authority prove that an employee refused to report for work after being offered a reasonable accommodation. Rather, it is enough to | ¿show that an employee failed to produce any information that would indicate that the employee could return to work immediately or “on a date certain in the near future.” Adams v. Dept. of Police, 2012-1268, p. 5 (La.App. 4 Cir. 2/20/13), 109 So.3d 1003, 1006.
In the instant case, the issue is whether Mr. West was unwilling or unable to perform his work duties. Mr. West was given the opportunity to present his side of the story at both the- pre-termination hearing and the civil service hearing. The S&WB presented evidence from two doctors clearing Mr. West for light duty. The only evidence presented by Mr. West in support of his contention that he was not able to perform light duty work was his own testimony and that of his workers’ compensation attorney. Mr. West also testified that he was unable to perform any kind of work. Accepting Mr. West’s own testimony that he was unwilling to perform any kind of work, the S&WB was well within its authority to terminate Mr. West pursuant to Bule IX, § 1.1; clearly, there was sufficient cause for Mr. West’s termination, Accordingly, the Commission’s upholding of Mr. West’s termination was neither arbitrary or capricious, nor was it an abuse of discretion.
For the above and foregoing reasons,- we affirm the Civil Service Commission’s denial of Mr. West’s appeal.
AFFIRMED

. Mr. West has filed a workers’ compensation claim in connection with this accident.